MARY POWERS, Individually and as Executrix, etc., Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

> In an action to recover damages for the construction and operation by defendants of its elevated road through a street in front of plaintiff's premises in the city of New York, it appeared that said road was constructed in 1879, and trains commenced running March 1, 1880; that the statutes authorizing the construction of such roads had been held to be constitutional (*In re G. E. R. R. Co.*, 90 N. Y. 122; *In re N. Y. E. R. R. Co.*, 70 id. 327); but as to whether abutting owners not owning the soil of the street were entitled to damages was being litigated and was not settled until after the commencement of this action. At plaintiff's request the court instructed the jury " that the failure of the defendant to institute condemnation proceedings before taking possession of the plaintiff's property and before the trial of this action, entitled the jury to give exemplary damages against them should the jury so desire." *Held*, error.
>
> To justify an award of exemplary damages, the evidence must show on the defendant's part malice, fraud or gross negligence.

(Argued March 10, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 6, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict of a jury, and affirmed an order denying a motion for a new trial.

The action was for damages to plaintiff's property caused by the construction and operation of the elevated railroad in the city of New York.

Plaintiff did not claim to own the soil of the street, but only an easement therein as abutting owner.

The facts are sufficiently stated in the opinion.

*Davies & Rapallo* for appellants. The failure of the defendant to institute condemnation proceedings before taking possession of the plaintiff's property, and before the trial of this action, did not entitle the jury to punish the defendant by awarding exemplary damages. (*Baker* v. *Drake*, 53 N. Y. 216; *Conard* v. *P. Ins. Co.*, 6 Pet. 262; *Conard* v. *Nicholl*, 4 id. 292; *Jones* v. *Gooday*, 8 M. & W. 146; *May* v. *Tap-*

*pan,* 23 Cal. 306 ; *Bateman* v. *Goodyear,* 12 Conn. 575 ; Mayne on Dam. §§ 49, 569 ; *M., etc., R. R. Co.* v. *Barnes,* 1 Otto, 489, 492 ; 1 Sedgwick on Dam. 53 ; 2 id. 317–343 ; *Day* v. *Woodworth,* 13 How. Pr. 363–371 ; *P. & W. B. R. R. Co.* v. *Quigley,* 21 id. 202, 214 ; *Voltz* v. *Blackmar,* 64 N. Y. 440, 444 ; *Merest* v. *Harvey,* 5 Taunt. 442 ; *Mitchell* v. *Billingsley,* 17 Ala. 391 ; *Heffler* v. *Baker,* 19 Kan. 9 ; *Wort* v. *Jenkins,* 14 Johns. 352 ; *Miller* v. *Kirby,* 74 Ill. 242 ; *Becker* v. *Dupree,* 75 id. 167 ; *Moore* v. *Crose,* 43 Ind. 30 ; *Nullison* v. *Hoch,* 17 id. 227 ; *Rose* v. *Story,* 1 Barr. 190 ; *Good* v. *Mylin,* 8 id. 51 ; *Ames* v. *Longstreet,* 10 id. 145 ; *Dorsey* v. *Manlove,* 15 Cal. 553 ; *Hodgson* v. *Millward,* 3 Grant. 406 ; *Keay* v. *N. O. C., etc., Co.,* 7 La. Ann. 259 ; Wood on Nuis. § 868 ; *Brown* v. *Allen,* 35 Ia. 306.) The defendant should not be punished, because the law was undetermined not only when the railroad was built, but also when it took the lease from the Metropolitan Elevated Railway Company. (*Craig* v. *R. C., etc., R. R. Co.,* 39 N. Y. 404 ; *People* v. *Kerr,* 27 id. 188 ; *Kellinger* v. *F. S. S. R. R. Co.,* 50 id. 206 ; *Henderson* v. *N. Y. C. R. R. Co.,* 78 id. 422 ; *In re G. E. R. R. Co.,* 79 id. 361 ; *In re N. Y. E. R. R. Co.,* Id. 327.) Even if the Metropolitan Elevated Railway Company might have been held liable in exemplary damages for the wrongful taking of the plaintiff's property, this defendant, its lessee, is not so liable, because the plaintiff did not request the defendant to remove the structure, or express any objection to it. (*Penruddock's Case,* 5 Coke, 100 ; *Ahern* v. *Steele,* 115 N. Y. 203 ; *Woodman* v. *Tufts,* 9 N. H. 88 ; *Snow* v. *Cowles,* 22 id. 296 ; *Eastman* v. *Company,* 44 id. 143–156 ; *Plumer* v. *Harper,* 3 id. 88 ; *McDonough* v. *Gilman,* 3 Allen, 264 ; *Sligret* v. *Gutzlaff,* 35 Wis. 675 ; *C. S. R. Co.* v. *B., N. Y. R. R. Co.,* 51 N. Y. 573.) There is a great distinction between the defendant and an ordinary trespasser, in that the defendant has the right at any time to acquire title to the property of the plaintiff which it has taken. (*Jones* v. *N. O., etc., R. R. Co.,* 70 Ala. 227 ; *C. P. R. R. Co.* v. *Armstrong,* 46 Cal. 85 ; *C. & A. R. R. Co.* v. *Goodwin,* 111 Ill. 273 ; *Daniels* v. *C., etc., R. R. Co.,* 41

Ia. 52; *T. R. Co.* v. *Dunlap*, 47 Mich. 456; *Greeve* v. *S. P. R. R. Co.*, 26 Minn. 66; *L., etc., R. R. Co.* v. *Dickson*, 63 Miss. 380; *Burgess* v. *Clark*, 13 Ired. Law. 109; *O. R. & N. Co.* v. *Mosier*, 14 Or. 519; *Justice* v. *N. V. R. R. Co.*, 87 Penn. St. 28; *Lyon* v. *G. B., etc., R. Co.*, 42 Wis. 538; *In re L. I. R. R. Co.*, 6 T. & C. 298; *N. Y., W. S. & B. R. Co.* v. *Gennet*, 37 Hun, 317.) The measure of damages is deter mined by the statutes incorporating the defendant. (N. Y. Const. art. 1, § 6.)   Just compensation is giving to the person from whom the property is taken an equivalent in money. (Laws of 1875, chap. 606; *Crittenden* v. *Wilson*, 5 Cow. 165; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423; *Mahon* v. *N. Y. C. R. R. Co.*, 24 id. 658; *Kingsland* v. *Mayor, etc.*, 45 Hun, 198, 205; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 311; *Ireland* v. *M. E. R. Co.*, 20 id. 450; *Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122.)

*Roger Foster* for respondent.   The exceptions to the admis- sion and exclusion of evidence are untenable. (*Phillips* v. *Morrison*, 3 Bibb, 105; Lawson on Pres. Ev. 321; Greenl. on Ev. chap. 6; Stephen on Ev. art. 30; *Alcock* v. *Cooke*, 2 M. & P. 625; *Plaxton* v. *Dare*, 10 B. & C. 17; *Ralston* v. *Miller*, 3 Rand. 44; *Conn* v. *Penn.*, 1 Peters, 496; *Board- man* v. *Reed*, 6 id. 328; *Applegate* v. *L. M. Co.*, 117 U. S. 255; *Fulkerson* v. *Holmes*, Id. 389; *Weeks* v. *Sparke*, 1 M. & S. 679, 688; *Duke of Newcastle* v. *Broxtowe*, 4 B. & Ad. 273; *Crease* v. *Barrett*, 1 C. M. & R. 929; *Dillingham* v. *Snow*, 5 Mass. 552; *Keith* v. *Lothrup*, 10 Cush. 453; *Folkes* v. *Chadd*, 3 Doug. 157; *Moyer* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 645; *Slavin* v. *N. B. C. Co.*, L. R. [9 Ch. App.] 708; *Goldsmith* v. *Comrs.*, 1 id. 350; *Classon* v. *Milwaukee*, 30 Wis. 316; *Grisby* v. *C. L. W. Co.*, 40 Cal. 396; *Drucker* v. *M. R. Co.*, 106 N. Y. 157; *N. Y., L. & W. R. R. Co.* v. *Arnot*, 27 Hun, 151, 155; *Shattuck* v. *S. B. R. R. Co.*, 6 Allen, 115, 117.) Evidence of actual sales of other similar lands in the vicinity is competent. (*Lawrence* v. *Boston*, 119 Mass. 126; *Paine* v. *Boston*, 4 Allen, 168;

*Shattuck* v. *S. B. R. R. Co.*, 6 id. 115, 117; *Edmands* v. *Boston*, 108 Mass. 535, 546; *Cherokee* v. *S. C. & I. F. T. L. & L. Co.*, 52 Ia. 279; *West* v. *M. L. S. & W. R. Co.*, 56 Wis. 318; *Watson* v. *M. & M. R. Co.*, 57 id. 332; *Washburn* v. *M. & L. W. R. R. Co.*, 59 id. 364; *White* v. *Herman*, 51 Ill. 243; *S. L. V. & T. H. R. R. Co.* v. *Haller*, 82 id. 208; *C. & B. P. & P. Co.* v. *Chicago*, 111 id. 651; *Moale* v. *Baltimore*, 5 Md. 316, 324; *C. R. R. Co.* v. *Greeley*, 23 N. H. 237; *Laflin* v. *C., W. & N. R. Co.*, 33 Fed. Rep. 415; *L. V. C. Co.* v. *Chicago*, 26 id. 415.) The court had power to reopen the case for further testimony, and such an exercise of discretion will not be reviewed upon appeal. (*Blackley* v. *Sheldon*, 7 Johns. 32; *Henlow* v. *Leonard*, Id. 200; *Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 437; *Virginia* v. *Zimmerman*, 1 Cranch, 47; *Commonwealth* v. *Rickertson*, 5 Met. 412.) No objection can now be raised to so much of the charge of the judge as said that exemplary damages might, in the discretion of the jury, be awarded. (*Decker* v. *Mathews*, 12 N. Y. 313; *People* v. *Guidici*, 100 id. 503, 509; *Taylor* v. *Carpenter*, 2 W. & M. 1; *Bryan* v. *Acee*, 27 Ga. 87; *Hilser* v. *Carr*, 34 Cal. 641, 645; *Hinckley* v. *P. S. Co.*, 121 U. S. 264, 278.) Exemplary damages in cases similar to this are authorized by many precedents. (1 Sutherland on Dam. 720; Mayne on Dam. [1st Am. ed.] 38; Sackett on Juries, 227; *Rogers* v. *Spence*, 13 M. & W. 571, 581; *Hefley* v. *Baker*, 19 Kan. 9, 12; *Cleghorn* v. *N. Y., etc., R. R. Co.*, 56 N. Y. 44, 47; *M., etc., R. Co.* v. *Arms*, 91 U. S. 489, 493; *M. P. R. Co.* v. *Humes*, 115 id. 512, 521; *D. & R. G. R. Co.* v. *Harris*, 122 id. 597; *Bell* v. *M. R. Co.*, 10 C. B. [N. S.] 287; *Duke of Buccleuch* v. *Metropolitan Board of Works*, L. R. [5 H. L. Cas.] 418, 454; *Eaton* v. *B. C. & M. R. R. Co.*, 51 N. H. 504–516; *Abendroth's Case*, 22 J. & S. 417; *Seifert* v. *Brooklyn*, 101 N. Y. 136, 143, 144; *P. R. R. Co.* v. *Angel*, 6 East. Rep. 353; *B. & P. R. R. Co.* v. *F. B. Church*, 108 U. S. 317, 335; *Etchberry* v. *Levielle*, 2 Hilt. 40; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10, 25.) The circumstances warranted the imposition of

exemplary damages. (*William* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *D. & R. G. R. Co.* v. *Harris*, 122 U. S. 597.)

Brown, J. At the plaintiff's request the court instructed the jury "that the failure of the defendant to institute condemnation proceedings before taking possession of the plaintiff's property and before trial of this action entitled the jury to give exemplary damages against them, should the jury so desire."

An exception to this charge presents the only error upon which the appellant asks a reversal of the judgment.

We think the exception was well taken. To justify an award of exemplary damages the evidence must show on the defendant's part malice, or fraud or gross negligence. The act causing the damage must be wanton or malicious, or gross and outrageous, or there must appear a design to oppress and injure. The purpose of awarding such damages is to punish a wrong doer and unless a wrong motive exists there is no basis for such award.

The elevated road through Division street in front of plaintiff's property was constructed in 1879, and trains commenced to run March 1, 1880. It was leased to the defendant by the Metropolitan Railway Company, May 1, 1879. The road was constructed under legislative authority, and the statutes authorizing the creation of elevated railway companies were declared constitutional. (*In re G. E. R. R. Co.*, 70 N. Y. 361; *In re N. Y. E. R. R. Co.*, 70 id. 327.)

Whether or not an owner of property abutting on the streets in which the elevated roads were constructed was entitled to damages caused by the construction and operation of the road was a question upon which there was a wide difference of opinion among lawyers and judges, and was not settled until the decision of this court in the case of *Story* v. *N. Y. E. R. Co.* (90 N. Y. 122), in October, 1882.

It had been decided adversely to the property owners by the lower courts and the *Story Case* was twice argued in this court, and from the decision finally made three members of the court dissented.

The facts of the *Story Case* were not broad enough to necessarily cover the case of an abutting owner whose only property in the street was an easement for light, air and access, and hence the right of such owners to maintain actions for damages was not finally set at rest until the decision in *Lahr* v. *M. E. R. Co.* (104 N. Y. 268), in January, 1887.

This action was commenced in August, 1884.

In view of these facts thus briefly referred to and which now form one of the most important and interesting chapters in the history of litigation in this state, it is impossible to find a wrong motive in the entry of the defendant, or its predecessor the Metropolitan Railway Company, upon the street in front of plaintiff's property. It had legislative and judicial authority to supports its acts. And assuming that plaintiff owned the fee in the bed of the street in front of his property, we do not think that a failure to institute condemnation proceedings within the two years following the decision of the *Story Case* along the whole line of its railway through the city, could be held to be of itself such a wanton and oppressive act as to justify an award of punitive damages.

The respondent claims, however, that the amount of the verdict proves that no exemplary damages were awarded. I do not think this claim is sustained. The verdict is undoubtedly within the estimate given by some of the witnesses, but it is equally true that it is largely in excess of the estimate of others, and we are, therefore, unable to say that the charge of the court which the plaintiff requested did not have weight with the jury and influence their verdict.

The form of the exception is criticised and it is claimed that it is insufficient to present any question for review in this court, but we are of the opinion that, interpreted in connection with what preceded and followed, it was intended to apply to the request for a ruling upon the question of exemplary damages.

The judgment must be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.