GRACE G. AYERS, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

1. NEGLIGENCE — ELECTRIC STREET RAILROAD. Where an accident, resulting in an injury to a passenger on an electric street railroad car, is not the reasonable, natural and probable result of the situation which ought to have been foreseen by the company in the exercise of the degree of care exacted from a carrier of passengers, no liability follows.

2. MOTION OF CAR ON CURVE. A street railroad company is liable for an injury to a passenger through the motion of an electric trolley car in passing around a curve, only when the speed was excessive and more electric power was employed than was necessary to properly drive the car around the curve.

3. PASSENGER INJURED BY MOTION OF CAR ON CURVE — ABSENCE OF PROOF OF EXCESS OF ELECTRIC POWER. The fact that a passenger, who had entered an electric trolley car stopping on a curve, in passing around which no accident was shown to have previously occurred, was, while standing and about to take a seat, so violently twisted about by the motion of the car in passing from the curve on to the straight track as to be injured, does not of itself, and without any evidence as to the speed of the car, warrant an inference by the jury that there was an excessive use of electric power.

*Ayers* v. *Rochester Railway Co.*, 88 Hun, 613, reversed.

(Argued May 3, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered June 26, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for appellant. The court erred in denying the defendant's motion for a nonsuit, and in denying the defendant's motion for the direction of a verdict. It must be established, not only that the defendant was guilty of an act or omission producing the injury, but that the injury was something which might naturally and reasonably be expected to follow from the act. (Busw. on Civil Liability for Personal Injuries, 134, 145; Whart. on Neg. Tit. " Casual Connec-

tion," §§ 73–155, particularly § 134; *Dougan* v. *Champlain Trans. Co.*, 56 N. Y. 1; *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455; *Cleveland* v. *N. J. S. B. Co.*, 68 N. Y. 306; 125 N. Y. 299; *Lafflin* v. *B. & S. W. R. R. Co.*, 106 N. Y. 136; *Ryan* v. *M. R. Co.*, 121 N. Y. 126; *Craighead* v. *B. C. R. R. Co.*, 123 N. Y. 391; *Hayes* v. *F. S. St. & G. St. F. R. Co.*, 97 N. Y. 259; *Favro* v. *T. & W. T. B. Co.*, 4 App. Div. 241; *Schultz* v. *C. & N. W. R. R. Co.*, 67 Wis. 616; 58 Am. Rep. 881; *L. & N. R. Co.* v. *Hale*, 44 S. W. Rep. 213; *Black* v. *Third Ave. R. R. Co.*, 2 App. Div. 387; *Francisco* v. *T. & L. R. R. Co.*, 78 Hun, 13.)

*Thomas Raines* for respondent. The defendant's motions for a nonsuit and for the direction of a verdict were properly denied. (*Hawley* v. *Northern Central R. Co.*, 82 N. Y. 370; Booth on Street Railways, § 348; *Dougherty* v. *M. R. Co.*, 9 Mo. App. 478; 81 Mo. 325; *Milliman* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 642; *Bartholomew* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 716; *Snelling* v. *B. & N. Y. Ferry Co.*, 13 N. Y. Supp. 398; *La Point* v. *Middlesex R. R. Co.*, 144 Mass. 18; *Werle* v. *L. I. R. R. Co.*, 98 N. Y. 650; *Nichols* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 131; *Wylde* v. *Northern R. R. Co.*, 53 N. Y. 161; *Miles* v. *King*, 18 App. Div. 42; *Lansing* v. *C. I. & B. R. R. Co.*, 16 App. Div. 146; *Schreiner* v. *N. Y. C. & H. R. R. R. Co.*, 12 App. Div. 551; *Francisco* v. *T. & L. R. R. Co.*, 88 Hun, 464; *De Rozas* v. *Metropolitan S. R. Co.*, 13 App. Div. 296; *Black* v. *Third Ave. R. R. Co.*, 2 App. Div. 387; *Groesch* v. *Steinway R. Co.*, 19 App. Div. 130; *Distler* v. *L. I. R. R. Co.*, 151 N. Y. 424; *Akersloot* v. *Second Ave. R. R. Co.*, 131 N. Y. 599; *Cleveland* v. *N. J. S. Co.*, 125 N. Y. 306; *Wood* v. *Third Ave. R. R. Co.*, 91 Hun, 276; *Quill* v. *Empire State T. & T. Co.*, 92 Hun, 542; *Roberge* v. *Winne*, 144 N. Y. 712; *Baily* v. *Hornthal*, 154 N. Y. 654; *Knapp* v. *Simon*, 96 N. Y. 284.)

BARTLETT, J. This is an action to recover for personal injuries alleged to have been sustained by the plaintiff while a

14

passenger on one of defendant's street cars in the city of
Rochester, by reason of the negligence of the company.

The plaintiff, a young lady twenty-two years of age at the
time of the accident, was a teacher in a public school. The
defendant operated a trolley line, and the plaintiff boarded one
of its cars on the 13th of March, 1893, at the junction of
Emerson street and Backus avenue, where the tracks turn
from the former into the latter street. At the point where the
plaintiff entered the car it had stopped on a curve.

It appears that the alleged injury suffered by the plaintiff
was not due to starting the car, for she had gotten on board,
but happened a moment later, when she was about to take her
seat, and the car passed with more or less violence of motion
from the curve on to the straight track.

On the plaintiff's direct examination she stated as follows :
" I stepped on to the first or second step when the bell was
rung, and, as I got a few steps in the car it gave a sudden
jerk and twisted my knee, and I went back violently on the
seat. * * * When this jerk occurred I had gotten a few
steps in the car — about half way between the door and the
stove. I was just about ready to sit down when my weight
was on my right knee and twisted me, and it seemed as though
it twisted everything out of place. It threw me back on the
seat. If the seat had not been there I think I would have
gone on the floor."

She also stated that when she left the car she limped, was
in great pain, and went immediately home and to bed. On
cross-examination plaintiff testified : " It gave me a twist ;
twisted me right around, like that ; I fell down ; if the seat
had not been there I would have gone to the floor ; I fell down
on the seat back of me ; I did not strike my knee when I fell ;
as soon as I was in the seat I felt that I had hurt myself ; I
was in misery all the way home."

The plaintiff put upon the stand a business man, who was in
the habit of riding daily upon these cars. He testified as fol-
lows : " When the car goes around on to the curve from Emer-
son street and stops on Backus avenue, the front wheels of the

car are just about off the curve; the hind wheels of the car
are on the curve.   When they start at that point there is not
much motion, that is, the car does not swing around so fast,
but when it starts back further, near the crosswalk, there is a
side motion of perhaps two or three feet, perhaps two feet,
and when they start off quickly, if a man is in the rear end of
the car, it has a tendency to throw him to one side, which has
often been the case with myself.   I have seen others thrown
in the same manner."

This is substantially the plaintiff's case, except the medical
testimony.

It is not claimed that the verdict for twelve hundred and
fifty dollars is unreasonable, if the defendant was guilty of neg-
ligence.   The plaintiff's injuries were proved in detail, but it
is unnecessary to consider them at this time.   It is undisputed
that they were very serious, and, while not permanent, in the
opinion of the physicians, were likely to deprive plaintiff of
the free use of her limb for from six months to three years
after the trial, which took place nearly a year subsequent to the
accident.

The defendant swore the motorman who was running the
car at the time of the accident.   He admits that he was a
comparatively green hand, and did not know of the occur-
rence until the following June.   He testified as follows:
" When I was learning first, I might have observed that I had
a tendency to let the power on too quick.   It takes experience
to graduate the power to the necessities of the case.   When a
man first goes on to learn he is under a disadvantage in start-
ing off, in exactly measuring what will move the car.   *   *   *
I don't recollect who instructed me in regard to that line or
that route; no one ran over it with me to show it to me, only
when I was first turned in."

The defendant put upon the stand several conductors to
show that it was their custom to allow passengers to step on
the car before ringing the bell to start it, but that it was not
usual to wait until they had taken their seats, unless there was
evidence of age or infirmity.

This, with some medical testimony, makes up the defendant's case.

The question of defendant's alleged negligence lies in a very narrow compass.

There is no direct proof that the motorman, in driving his car from the curve to the straight track at the time of the accident, employed more electrical power than was necessary to properly accomplish that result.

The question is, whether it was a fair inference to be drawn by the jury that there was an excess of power used by reason of the fact that when the plaintiff was in a standing position and about to take her seat she was so violently twisted and prostrated as to cause the injuries disclosed.

Plaintiff's witness, already referred to, who testified as to the effect of the curve upon the cars, stated that " when they started off quickly " certain results followed, to wit, a tendency to throw a passenger to one side, and that he had often observed it.

The difficulty in this case is that we have no evidence whatever as to the speed of the car or excess of electrical power used while passing the curve, if such be the fact.

It is well known that a car in passing around a curve is subjected to a somewhat violent motion. It is incidental to the situation, is something that must be guarded against by every passenger, and the railroad company is liable only when the speed is excessive.

It would be a very harsh rule that would hold a company liable for a possible injury resulting while passing, at a proper speed, over a curve that has long been in use and where no accidents are shown to have happened.

We are of the opinion that it was error to submit the question of defendant's negligence to the jury.

This case falls clearly within the rule that where an accident is not the reasonable, natural and probable result of the situation which ought to have been foreseen by the defendant in the exercise of the degree of care exacted from a carrier of passengers, no liability follows. (*Dougan* v. *Champlain Trans-*

*portation Co.,* 56 N. Y. 1; *Loftus* v. *Union Ferry Co. of Brooklyn,* 84 N. Y. 455; *Cleveland* v. *New Jersey Steamboat Co.,* 125 N. Y. 299.) If it can be shown that this degree of care was not exercised, a case for the jury would be presented.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed, etc.