## WIGTON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

STREET RAILROADS — INJURIES TO PASSENGERS — EXEMPLARY DAMAGES — EVIDENCE.

> Before a passenger in a street car could take her seat, she was thrown on the floor, and injured by the sudden starting of the car, or the speed at which it was run around a curve. The officers of the company did not direct the starting of the car in such manner, nor did the conductor and motorman intend to injure the passenger. *Held* insufficient to justify an award of exemplary damages.

Appeal from trial term, New York county.

Action by Martha Wigton against the Metropolitan Street-Railway Company. Judgment for plaintiff, and she appeals from a refusal to allow the jury to consider whether it should give exemplary damages. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

John Brooks Leavett, for appellant.
Charles F. Brown, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger on one of the defendant's cars. The plaintiff had a verdict for $1,000, and, from the judgment entered thereon, she has appealed, for the purpose of reviewing a refusal of the trial court "to allow the jury to consider whether it should give exemplary damages."

We think the ruling of the trial court was correct. The facts established upon the trial were sufficient to show the defendant's negligence, but this of itself did not subject it to a liability for exemplary damages. To entitle the plaintiff to such damages, the evidence must show malice, fraud, or, as some of the cases say, gross negligence on the part of the defendant. Upon the trial it appeared that the plaintiff boarded one of the defendant's cars; and, before she had succeeded in taking a seat therein, she was, either by the sudden starting of the car, or the speed at which it was run around a curve, thrown to the floor of the car, and injured. It also appeared that the track upon which the car was run was constructed as directed by the city authorities; that it was provided with the best

.appliances known at that time; that the roadbed was in good con-. dition; that it was necessary for cars to go around the curve in question at the rate of speed at which this one was run; that the car was provided with straps by which persons could steady themselves as the car was rounding the curve; and that the conductor warned the passengers as they approached the curve by telling them to "hold fast." There was nothing to show that any of the officers of the defendant either authorized or directed the motorman or conductor to start the car in the manner in which he did, or that they had any knowledge prior to the accident of his negligent act in that regard; or that the motorman or conductor, in starting the car, desired or intended to injure the plaintiff in any way. Therefore the facts established the ordinary and usual case of negligence, and nothing else.

As to the speed at which the car was run around the curve, the case was brought directly within the principle laid down in Ayres v. Railway Co., 156 N. Y. 104, 50 N. E. 960, in which the court of appeals said:

"It is well known that a car, in passing around a curve, is subjected to a somewhat violent motion. It is incidental to the situation, is something which must be guarded against by every passenger, and the railroad company is liable only when the speed is excessive."

Assuming that the court erred in sustaining the defendant's objection to the question, put to the witness Conway, as to whether or not, prior to the accident, it had repeatedly happened that, when the car struck the curve, there was such a sway or jerk as would cause the passengers to lose their balance, yet this ruling did not injure the plaintiff. If the objection had been overruled, and the witness had answered in the affirmative, the answer would simply have tended to establish the defendant's negligence, which fact the jury found, but it would not have justified an award of exemplary damages. "To justify an award of exemplary damages, the evidence must show on the defendant's part malice, or fraud, or gross negligence. The act causing the damage must be wanton or malicious, or gross and outrageous, or there must appear a design to oppress and injure. The purpose of awarding such damages is to punish a wrongdoer, and, unless a wrong motive exists, there is no basis for such award." Powers v. Railway Co., 120 N. Y. 178, 24 N. E. 295.

The evidence in this case was entirely insufficient, under every well-recognized rule of law, to have justified an award of exemplary damages. It follows that the judgment must be affirmed, with costs to the respondent. All concur.