Martha Wigton, Appellant, *v.* Metropolitan Street Railway Company, Respondent.

*Exemplary damages in an action for personal injuries — in what case they are not recoverable.*

In an action to recover damages for personal injuries sustained by the plaintiff, who, having boarded one of the defendant's cars as a passenger, and before she had succeeded in taking a seat therein, was, either by the sudden starting of the car, or in consequence of the speed at which it was run around a curve, thrown to the floor of the car and injured, exemplary damages are not recoverable, where it is shown that the track upon which the car was run was constructed as directed by the city authorities; that it was provided with the best appliances known at that time; that the roadbed was in good condition; that it was necessary for cars to go around the curve in question at the rate of speed at which this one was propelled; that the car was provided with straps by which persons could steady themselves as the car was rounding the curve, and that the conductor warned the passengers as they approached the curve by telling them to "hold fast," there being no evidence that any of the officers of the defendant either authorized or directed the conductor to start the car in the manner that he did, or that they had knowledge prior to the accident of his negligent act in that regard, or that the conductor or motorman, in starting the car, desired or intended to injure the plaintiff in any way.

Appeal by the plaintiff, Martha Wigton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of July, 1898, upon the verdict of a jury for $1,000.

*John Brooks Leavitt*, for the appellant.

*Charles F. Brown*, for the respondent.

McLaughlin, J. :

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while a passenger on one of the defendant's cars. The plaintiff had a verdict for $1,000, and from the judgment entered thereon she has appealed for the purpose of reviewing a refusal of the trial court " to allow the jury to consider whether it ought to give exemplary damages."

We think the ruling of the trial court was correct. The facts established upon the trial were sufficient to show the defendant's

negligence, but this of itself did not subject it to a liability for exemplary damages. To entitle the plaintiff to such damages, the evidence must show malice, fraud or, as some of the cases say, gross negligence on the part of the defendant. Upon the trial it appeared that the plaintiff boarded one of the defendant's cars, and before she had succeeded in taking a seat therein, she was, either by the sudden starting of the car or the speed at which it was run around a curve, thrown to the floor of the car and injured. It also appeared that the track upon which the car was run was constructed as directed by the city authorities; that it was provided with the best appliances known at that time; that the roadbed was in good condition; that it was necessary for cars to go around the curve in question at the rate of speed at which this one was run; that the car was provided with straps by which persons could steady themselves as the car was rounding the curve, and that the conductor warned the passengers as they approached the curve by telling them to "hold fast." There was nothing to show that any of the officers of the defendant either authorized or directed the motorman or conductor to start the car in the manner in which he did, or that they had any knowledge prior to the accident of his negligent act in that regard, or that the motorman or conductor, in starting the car, desired or intended to injure the plaintiff in any way. Therefore, the facts established the ordinary and usual case of negligence and nothing else.

As to the speed at which the car was run around the curve, the case was brought directly within the principle laid down in *Ayers* v. *Rochester Railway Co.* (156 N. Y. 104, 108), in which the Court of Appeals said : " It is well known that a car in passing around a curve is subjected to a somewhat violent motion. It is incidental to the situation ; is something which must be guarded against by every passenger, and the railroad company is liable only when the speed is excessive."

Assuming that the court erred in sustaining the defendant's objection to the question put to the witness Conway, as to whether or not, prior to the accident, it had repeatedly happened that when the car struck the curve there was such a sway or jerk as would cause the passengers to lose their balance, this ruling did not injure the plaintiff. If the objection had been overruled and the witness had answered in the affirmative, the answer would simply have tended

to establish the defendant's negligence, which fact the jury found, but it would not have justified an award of exemplary damages. "To justify an award of exemplary damages, the evidence must show, on the defendant's part, malice, or fraud, or gross negligence. The act causing the damage must be wanton or malicious, or gross and outrageous, or there must appear a design to oppress and injure. The purpose of awarding such damages is to punish a wrongdoer, and unless a wrong motive exists, there is no basis for such award." (*Powers* v. *M. Ry. Co.*, 120 N. Y. 178, 182.) The evidence in this case was entirely insufficient, under every well-recognized rule of law, to justify an award of exemplary damages. It follows that the judgment must be affirmed, with costs to the respondent.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.