IDA H. HERBICH (BY NEXT FRIEND), PLAINTIFF IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued March 20, 1902—Decided June 16, 1902.

1. In the case of a plaintiff two years and nine months old, who was thrown down by the starting of a street car which she had boarded, before she had time to be seated, and while she was, for the moment, out of the reach of her attendant, who was also boarding the car, it is not error for the court to refuse to charge the jury "that the starting of a car before a passenger is seated is not negligence."

2. When the trial judge has stated to the jury in concrete terms the legal principles applicable to the case, it is not error for him to refuse to charge the abstract principles.

On error to the Supreme Court. The opinion of that court is reported in 36 *Vroom* 381.

For the plaintiff in error, *Louis Hood.*

For the defendant in error, *James B. Vredenburgh.*

The opinion of the court was delivered by

DIXON, J. On the trial of this case in the Essex Circuit the evidence, on behalf of the plaintiff, was to the following effect:

On the morning of July 6th, 1899, the plaintiff's mother, having in charge the plaintiff, then two years and nine months old, and also carrying an umbrella and two parcels, boarded a summer street car of the defendant company at the corner of Market and Broad streets in Newark. She first lifted the child into the car and placed her in the aisle between the two front seats, which faced each other. She then proceeded to get into the car herself, and, before she could reach the child or be seated, the conductor, although he had both mother and child in view, gave the signal and the car started with a jerk, which threw the child off the further side of the car, resulting in serious injury to her.

The defendant's evidence substantially differed from this, in tending to prove that, before the conductor gave the signal, he saw that both mother and child were seated, the child occupying the end seat, and that the car made only the usual start.

Upon the controversy thus indicated the defendant requested the trial judge to charge the jury that "the starting of a car before a passenger is seated is not negligence," which request the judge refused, and instructed the jury that it was for them to determine whether "the car was started at an improper time—that is, started while the plaintiff was in

a position of peril, before an opportunity had been afforded to the plaintiff and her mother to reach a place of safety." The defendant duly excepted.

The plaintiff having obtained a verdict and judgment, the defendant removed the record, by writ of error, to the Supreme Court, and there the judgment was reversed, because of the refusal and charge above stated. The plaintiff has now, by a similar writ, brought the record to this court.

We regard the course pursued by the trial judge as unexceptionable.

As applied to the circumstances for which the defendant contended, the proposition, that the starting of a car before a passenger is seated is not negligence, was irrelevant, for, according to that contention, the plaintiff and her mother were both seated before the car started.

As applied to the circumstances for which the plaintiff contended, the proposition was untrue, or at least it was for the jury, not the judge, to say whether it was true. While usually the proposition may be accepted as true (*Ayers* v. *Rochester Railway Co.,* 156 *N. Y.* 104), yet the passenger may be so infirm, by reason of infancy, or old age, or sickness, or lameness, or other cause, that even the ordinary movement of a street car in starting before he is seated would be likely to throw him down. In such cases, if the carrier is chargeable with notice of the infirmity, it cannot be the duty of the court to instruct the jury that the starting of the car is not a breach of the carrier's obligation to exercise a high degree of care for the safety of the passenger.

In the present case the infirmity of the plaintiff was evident, and must have been observed by the conductor, who, according to his own testimony, had the mother and child in view from the time when they began to board the car until the accident happened.

We have examined the other exceptions taken at the trial and find none worthy of special mention. The case was plainly one for the jury, and the numerous requests to charge, so far as they were not complied with, were either unsound or irrelevant, or were so general as to be more likely to per-

plex than to assist the jury in the discharge of their func-
tions. The legal rules applicable to the case were clearly set
forth by the judge in concrete terms, and nothing further
could properly be demanded.

The judgment of the Supreme Court is reversed, and that
of the Circuit is affirmed.

Let the record be remitted to the Supreme Court, to the
end that judgment may be there entered. in accordance with
this opinion.

*For affirmance*—None.

*For reversal*—The Chancellor, Van Syckel, Dixon,
Garrison, Collins, Hendrickson, Pitney, Bogert, Adams,
Vredenburgh, Voorhees, Vroom. 12.