dence before him that she has failed to do so, his action, though taken upon his own initiative, was unwarranted, and the order must be reversed. Because the special guardian was without authority to interfere in this branch of the administration of the estate of the decedent, and has attempted to usurp the functions of other officers of the court whose duty it is to protect the infant's share of the decedent's estate, the costs of this successful appeal by the administratrix from the order made in the proceedings instituted by him should be paid by him personally.

(110 App. Div. 18)

## GOTT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE.

Where, in an action against a street railway company for injuries to a passenger occasioned by the rear and forward cars coming in contact on their rounding a curve, there was no proof that the cars were improperly constructed or lacked any guard which could prevent the accident, or that such a contact of cars had occurred under similar circumstances, or that any accident had happened from that cause, the use of the cars did not justify an imputation of negligence on the company's part.

2. SAME.

Nor did it justify a finding that the accident was the probable result of the conditions shown.

3. SAME.

Where there was no proof in such a case that the running of the cars around the curve at the speed attained, or at any speed, was likely to result in contact of connected cars, nor proof of any lack of due care in the management of the cars, but there was evidence, based on experience and experiments, that such a contact under such conditions was physically impossible, a finding of actionable negligence was unauthorized.

Hirschberg, P. J., and Bartlett, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Edward A. Gott against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

I. R. Oeland, for appellant.
William P. Maloney, for respondent.

JENKS, J.   The action is for negligence.   The plaintiff complains that as a passenger on the platform of the defendant's car he rested his hand upon an upright stanchion while the train was rounding a sharp curve, and that his car and the forward car came together and crushed his hand.   The negligence attributed is defective construction and operation.   There is no proof that any part of either car was defective or broke or gave way.   There is no proof that the construction of the cars was improper, or that they lacked any guard or device which could prevent or would tend to prevent such an accident.

There is no proof that such a contact from such cars under similar circumstances had ever been known. There is no proof that any accident ever happened from such cause, or that any complaint had ever been made as to the danger or possibility thereof. Therefore the mere use of such cars with such construction does not justify imputation of negligence. Lafflin v. Buffalo & Southwestern R. R. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433, and authorities ·cited; Frobisher v. Fifth Avenue Transportation Co., 151 N. Y. 431, 45 N. E. 839.

Further, I think that the accident is not shown to be the reasonable, natural, and probable result of a condition or situation which should have been foreseen by the defendant in the exercise of the care required of it under the circumstances. Ayers v. Rochester Railway Co., 156 N. Y. 104, 50 N. E. 960; Fahner v. Brooklyn Heights R. R. Co., 86 App. Div. 488, 83 N. Y. Supp. 815; McKenzie v. Waddell Coal Co., 89 App. Div. 415, 85 N. Y. Supp. 819. There was no proof that the running of such cars around this curve at the speed attained (2½ to 3 miles an hour), or at any speed, was likely to result in contact of connected cars. On the contrary, there is evidence, based upon experience and experiments, that such a contact under such conditions between such cars, was physically impossible. There was no proof of any lack of due care in the management or operation of this train.

I think that the judgment and order must be reversed and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., and BARTLETT, J., who dissent.