■ EDWARD CLOHESSY et al., Appellants, v. BROADWAY MAINTENANCE CORP., Respondent.— Order, entered on March 27, 1962, dismissing the cause of action for punitive damages, setting aside the verdict of $180,000 for compensatory damages; setting aside the verdict in favor of Gotham Garage Co., Inc., and Gotham Auto Service Corp., in the amount of $70,000; and ordering a new trial on the issue of compensatory damages, unanimously modified on the law and in the exercise of discretion, without costs so as to provide for a new trial on the issues of damages, exclusive of punitive damages, unless the plaintiff Clohessy stipulates to a reduction of the verdict for compensatory damages to the sum of $80,000, in which event the jury verdict for compensatory damages as so reduced and the jury verdict in favor of plaintiffs Gotham Garage Co., Inc., and Gotham Auto Service Corp. against defendant may stand. On this record the award of $180,000 for compensatory damages is excessive and a retrial on that issue is required unless the plaintiff stipulates to a reduction. However, as the record amply supports the finding of liability against the defendant in favor of plaintiff Clohessy, a retrial of that issue need not be had. Nor is a retrial required as to the liability of the defendant to the plaintiffs, Gotham, as such finding is clearly supported by the record. As to the cause of action for punitive damages there is insufficient evidence in the record to support a finding that the defendant's conduct was such as to permit the imposition of such damages (see *Powers* v. *Manhattan Ry. Co.*, 120 N. Y. 178). With respect to the claim of the plaintiffs, Gotham, against the defendant — the evidence indicates that the defendant installed the transformer and, pursuant to contract, was under the continuing obligation to both service and maintain the sign. This being so, the defendant is obliged to indemnify those plaintiffs (*Beinhocker* v. *Marnes Development Corp.*, 296 N. Y. 925). However, a retrial on the quantum of damages based on such liability is required if a retrial is had

on the quantum of damages due the plaintiff, Clohessy. If, however, the plaintiff, Clohessy, stipulates to the reduction of the verdict in his favor, then in that event — that verdict of necessity establishing the reasonableness of the settlement — the verdict in favor of the plaintiffs Gotham should be reinstated. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bergan, JJ.