■ HELEN R. MACKENNAN, Respondent, v. JAY BERN REALTY COMPANY, INC., Appellant, et al., Defendant.— In an action to recover damages for trespass, the appeal is from a judgment of the Supreme Court, Dutchess County, dated October 13, 1967, in favor of plaintiff against defendant Jay Bern Realty Company, Inc., upon a jury verdict awarding plaintiff compensatory and punitive damages. Judgment reversed, on the law and facts and in the interests of justice, and new trial granted, with costs to appellant to abide the event. We subscribe to the principle that, in order to recover punitive damages for a trespass on real property, a plaintiff has the burden of proving (1) actual malice, which involves an intentional wrongdoing, or (2) such conduct as may be deemed to be tantamount to a wanton and willful or a reckless disregard of plaintiff's rights (cf. *La Bruno* v. *Lawrence*, 64 N. J. Super. 570; *Powers* v. *Manhattan Ry. Co.*, 120 N. Y. 178). The court below charged the jury that plaintiff must show malice in that appellant had knowledge of plaintiff's rights and intended to interfere therewith, but failed to include the prerequisite of wanton and willful disregard of plaintiff's rights. Implicit in the jury's verdict is a finding, consistent with said charge, that appellant had such knowledge and intended to interfere with plaintiff's rights. In our opinion, this finding was contrary to the weight of the evidence. However, we do not conclude that, had the jury been fully apprised of the second prerequisite, it could not have concluded that appellant's conduct was such as to be tantamount to a wanton and willful disregard of plaintiff's rights. Nor do we make any determination in that respect. It is our view that, absent the inclusion of this latter prerequisite in the court's charge, the jury was not fully apprised of the applicable principles and the parties were not afforded an evaluation of the evidence adduced in such enlightened perspective. Accordingly, we conclude that the interests of justice require a new trial at which all relevant facts and circumstances may be adduced and evaluated and the jury fully apprised of the applicable principles as herein indicated. In view of the foregoing conclusions, we do not pass upon any of the other issues raised by the parties on this appeal. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ PROGRAM AIDS COMPANY, INC., Plaintiff, v. W. R. BEAN & SON, INC., Defendant and Third-Party Plaintiff; MUELLER COLOR PLATE CO., Third-Party Defendant. (Action No. 1.) W. R. BEAN & SON, INC., Appellant, v. PROGRAM AIDS COMPANY, Respondent. (Action No. 2.) — Order of the Supreme Court, Westchester County, dated September 8, 1967 and made on reargument, affirmed insofar as appealed from, without costs. No opinion. Appeal from order of said court dated May 10, 1967 dismissed, without costs. That order was superseded by the order on reargument. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHEPARD COOPER, Appellant.— Order of the Supreme Court, Kings County, dated May 20, 1966 and order of said court, dated August 15, 1966, insofar as it denied appellant's application for *coram nobis* relief, affirmed. No opinion. Appeal from said order dated August 15, 1966, insofar as it denied appellant's motion for reargument of application which resulted in the order dated May 20, 1966, dismissed. No appeal lies from that part of the order which denied reargument. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.