■ ROYAL H. NICKERSON, Respondent, v ERNEST TE WINKLE, Defendant, and ENVIROGAS, INC., Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court, Chautauqua County, for further proceedings, in accordance with the following memorandum: Defendant contends that the jury verdict in favor of plaintiff in the amount of $20,000 compensatory damages and $250,000 punitive damages for trespass, and $70,000 compensatory damages for plaintiff's unfair pooling claim must be set aside and a new trial granted. We agree with defendant's contention that a new trial must be granted on the issue of punitive damages. When

a plaintiff seeks punitive damages, all circumstances surrounding the transaction that tend to show or explain defendant's motivation or actions are admissible to rebut plaintiff's contention that defendant acted with evil or wrongful motives (*Voltz v Blackmar*, 64 NY 440; *Moran v International Playtex*, 103 AD2d 375, 376). Since the trial court improperly excluded defendant's evidence of motive and of the circumstances surrounding its trespass, a retrial of the punitive damages issue is mandated (*see, Le Mistral v Columbia Broadcasting Sys.*, 61 AD2d 491, 495).

We also conclude that a new trial is required on plaintiff's unfair pooling claim. To sustain that claim plaintiff must establish that defendant failed to act in good faith and as a prudent operator in its pooling of plaintiff's property (*see, Doran & Assocs. v Envirogas, Inc.*, 112 AD2d 766, 767; *Envirogas, Inc. v Consolidated Gas Supply Corp.*, 98 AD2d 119, 122). It was, therefore, error for the trial court to exclude defendant's evidence of the pooling practices of other leasing companies in the area because it was admissible on those issues (*see*, 5 Williams & Myers, Oil and Gas Law § 806). The jury verdict in favor of plaintiff on his unfair pooling claim is, therefore, reversed and a new trial is granted. We further note that the trial court erred in failing to require plaintiff's expert, on cross-examination, to specify the data, sources and other criteria for his opinion (CPLR 4515; *see, People v Stone*, 35 NY2d 69, 76).

We disagree, however, with defendant's contention that the $20,000 award of damages in the action for trespass was not supported by the evidence, and therefore we affirm that part of the judgment. (Appeal from judgment of Supreme Court, Chautauqua County, Ricotta, J.—trespass.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.