OPINION OF THE COURT
Preston S. Scher, J.
In this strongly contested small claims action, plaintiff seeks recovery of $3,000 for the following: "civil trespass to realty at [address deleted for publication] New Rochelle. Compensatory, nominal and punitive damages November 04, 1993.”
Prior to trial, both sides advised the court they wished to make motions, and the court instructed them to submit same in writing.
Accordingly, plaintiff moves for summary judgment and defendant moves to dismiss the complaint.
The motions are decided as follows:
It appears that the facts are virtually undisputed.
Plaintiff is the former husband of defendant’s wife. In connection with another litigation, between plaintiff and defen *784 dant’s wife, defendant served his wife’s reply affidavit personally on plaintiff at plaintiffs residence.
Plaintiff avers, and it is not denied by defendant, that defendant entered plaintiff’s property despite: "having been told on 3 prior occasions never to do so.”
As noted, defendant does not deny that plaintiff told him not to enter onto plaintiffs property.
He claims, however, that plaintiff does not have "the right to dictate how papers should have been served upon him”; that:
"Given that plaintiff filed the lawsuits against my wife, and that the CPLR specifically authorizes personal service of process and motion papers upon a party, my wife, as the defendant in the Supreme Court action, had the legal right to determine the method of service of court papers on plaintiff. To the extent that plaintiff did not like the method of service my wife chose, that should not give rise to a trespass action against the process server, i.e., me.
"If plaintiff wished to limit my wife’s legal right to serve him with papers as specifically authorized by the CPLR, the burden was on him to make an appropriate application to the judge assigned to the Supreme Court action seeking this relief. His failure to do so cannot shift the burden to my wife for her compliance with the CPLR, which resulted in a manner of service which was contrary to the wishes of plaintiff. Under no circumstances should my wife’s alleged failure to obtain a court order pursuant to CPLR 308 (5) for an alternate method of service be the basis for a trespass action”.
Defendant further claims that even though plaintiff "allegedly told me on prior occasions when I served court papers upon him not to enter his property,” that "this argument is without any basis in law”.
Defendant further claims that CPLR 2214 (b) authorizes personal service, indeed, that CPLR 2214 (b) "presumes” personal service, and that therefore he was within his rights to serve the plaintiff personally.
At the outset, it is to be noted that: "Although an extreme remedy, summary judgment will be applied to disputes where the facts are undisputed (as in the case at bar) and are not subject to differing interpretation (Marine Midland Bank, N.A. v. Dino & Artie’s Automatic Transmission Co., 168 A.D.2d 610 [2nd Dept., 1990]; American Exp. Bank Ltd. v. Uniroyal Inc., 164 A.D.2d 275 [1st Dept., 1990], appeal denied 77 N.Y. 2d 807.)” (Administrator of Gruman Corp. Empl. Inv. Plan v Kasten, NYLJ, June 19, 1997, at 35, col 1 [Sup Ct, Suffolk County].)
*785 Here, as noted, the salient facts are not in dispute.
The sole question presented is whether or not plaintiff has stated a cause of action for trespass, and, if so, what, if any damages, he is entitled to.
It is hornbook law that:
"The essence of a trespass to real property is injury to the right of possession. Any unauthorized entry upon the land of another constitutes a trespass, without regard to the amount of force used, and even though no damage is done, since at least nominal damage is always presumed from a trespass on land.
"At common law, each person’s land was deemed to be enclosed, and every unauthorized entry into the close of another was a trespass, which necessarily carried with it some damage for which the trespasser was liable. Thus, under the common law one is not obliged to mark or fence the boundaries of his land, and a person entering thereon without permission, whether innocently or by mistake, is a trespasser.
"An unauthorized intruder upon land is liable for the consequences of the intrusion, regardless of whether the results could or should reasonably have been foreseen or whether the acts constituted negligence.” (104 NY Jur 2d, Trespass, § 10, at 454; see also, Malerba v Warren, 108 Misc 2d 785 [Sup Ct, Suffolk County 1981].)
Based upon the foregoing, it is clear that defendant trespassed on plaintiff’s real property.
Defendant’s argument that he was somehow authorized by the CPLR to serve his wife’s legal papers, is, in the court’s view, without merit.
The CPLR sets up time periods and manner for service of affidavits. It offers different time periods for personal service, versus service by mail. It does not create a legal right to trespass on another’s property.
Defendant’s wife was under no obligation to serve her reply affidavit personally, rather than by mail. Moreover, since defendant was told not to enter plaintiff’s property, nothing prevented defendant’s wife from having someone other than defendant serve the affidavit, if she insisted on personal service.
Accordingly, defendant’s motion to dismiss is denied, and plaintiff’s motion for summary judgment, as to liability, is granted.
As to the issue of damages, plaintiff has failed to show that he suffered any measurable "compensatory damages”.
*786 However, "As the law infers some damage without proof of actual injury from every direct invasion of the person or property of another, the plaintiff is always entitled to at least nominal damages in an action of trespass * * * An entry into the land of another constitutes a trespass even though damages are slight or th.ere is no damage, and gives rise to an action for nominal damages. Even the most innocent of trespassers is liable for nominal damages as a minimum”. (104 NY Jur 2d, Trespass, § 36, at 484.)
Therefore, plaintiff is awarded $1 as nominal damages.
With respect to plaintiff’s request for punitive damages, it is clear that: "In order to recover punitive damages for a trespass on real property, a plaintiff has the burden of proving actual malice involving an intentional wrongdoing, or such conduct as may be deemed to be tantamount to a wanton and wilful or a reckless disregard of plaintiff’s rights.” (104 NY Jur 2d, Trespass, § 41; see also, MacKennan v Bern Realty Co., 30 AD2d 679 [2d Dept 1968]; Nickerson v Te Winkle, 161 AD2d 1123 [4th Dept 1990]; Anderson v WROC-TV, 109 Misc 2d 904 [Sup Ct, Monroe County 1981].)
Thus, in MacKennan (supra, at 679), the Court held: "We subscribe to the principle that, in order to recover punitive damages for a trespass on real property, a plaintiff has the burden of proving (1) actual malice, which involves an intentional wrongdoing, or (2) such conduct as may be deemed to be tantamount to a wanton and willful or a reckless disregard of plaintiff’s rights (cf. La Bruno v. Lawrence, 64 N. J. Super. 570; Powers v. Manhattan Ry. Co., 120 N. Y. 178).”
Based upon the proof submitted, it is clear that defendant’s conduct, while improper, did not rise to the level of "actual malice”. Plaintiff has failed to meet the burden of proving that defendant committed the trespass with "actual malice” or that defendant’s conduct was "tantamount to a wanton and willful or a reckless disregard of plaintiff’s rights” (supra, at 679).
Therefore, punitive damages are denied.