## CITY ICE DELIVERY CO. v. SUGGS.
### No. 2835.

Court of Civil Appeals of Texas. El Paso.
May 11, 1933.

Rehearing Denied June 1, 1933.

Turner, Rodgers & Winn and M. B. Solomon, all of Dallas, for appellant.

White & Yarborough of Dallas, for appellee.

HIGGINS, Justice.

This is a personal injury suit brought by Suggs against appellant.

Appellant is engaged in the distribution of ice in Dallas.

On the morning of June 25, 1931, a piece of ice weighing 15 or 20 pounds was lying on McKinney avenue, a public street in the city of Dallas. An automobile driven by Raymond Campbell struck the ice, hurling it against Suggs, inflicting the injuries complained of.

Defendant answered by demurrers, general and special, general denial, and special pleas setting up contributory negligence upon plaintiff's part, and that the sole proximate cause of the accident was the negligence of Campbell in striking the ice with his car, specifying the grounds of negligence charged against Campbell.

The driver of defendant's ice wagon came down Routh street from the north and turned to the right on McKinney avenue, the turn being made with his mules in a trot, and a piece of ice fell out the back end of the wagon.

The team was stopped, and the head of the mules lacked about 8 or 10 feet being even with the walk that leads from the sidewalk into the Weever Funeral Agency.

The chunk of ice came to a stop between the wagon and the center of the street, at a point about 12 feet to the rear of the wagon.

Plaintiff, who had stopped his automobile on the opposite side of the street, alighted,

from his car and started across McKinney avenue. He was crossing to the walk that leads from the curb to his employer's place of business, and, when within 3 or 4 feet of the curb, and a few feet ahead of the mules, he was struck by a piece of ice and knocked to the pavement.

After the ice wagon came to a stop, the driver thereof alighted and went around to the back end of his wagon and got a piece of ice and took it to a customer on the north side of McKinney avenue, being the same side of the street that the wagon was stopped on. He later came again to the back end of his wagon and got another piece of ice, with the ice that had been thrown from his wagon lying in the street, and with nothing to obstruct his view thereof.

Defendant's driver testified that, when he went around to the back of his wagon to get out the first ice that he delivered to a customer at that time, he saw the ice in the street, but did not pick it up. The driver testified that he saw the ice fall off of the fender of a Ford that was being driven west on McKinney avenue. In other words, the operator of the ice wagon admitted he knew the ice was in the street before it struck Suggs.

H. I. McGee testified that the ice was thrown out of defendant's wagon.

The witness Tilden Jacobs testified that the driver came around the corner in a trot and the ice came from this wagon.

Suggs testified the ice was thrown from defendant's wagon.

The witness, Raymond Campbell, testified that at the time in question he was driving west on McKinney avenue, a little to the right of the center of the street; that he did not see the ice until he had struck it; that the sun was shining directly on the ice the way he was looking; that he was driving about 20 miles an hour. Said witness testified he hit the ice with his automobile and the ice struck Suggs.

The jury found defendant was guilty of negligence in three particulars, to wit: Defendant was negligent in permitting the ice to remain on McKinney avenue, in failing to shut the end gate of its delivery wagon, in failing to see that the rear opening of its delivery wagon was closed before starting down McKinney avenue, and that each of said acts of negligence was a proximate cause of plaintiff's injuries.

The jury further found that the striking of the ice by Campbell was not the sole proximate cause of plaintiff's injuries, and that Suggs was not negligent in crossing the street on the occasion in question.

Various propositions in different form submit the theory that, under the facts of this case, actionable negligence upon the part of defendant was not shown.

▉ It cannot be seriously questioned that substantial obstructions in a public street are dangerous, and one responsible for the presence in a street of such an obstruction is ordinarily guilty of negligence. Whether or not the negligence of defendant's driver in the present case is actionable resolves into a question of proximate cause.

There is no occasion to review the various authorities cited by appellant where the rules with reference to anticipation of consequences and intervening causes are discussed. They are well settled. Each case depends upon its own facts.

Appellant's contention, in effect, is that as a matter of law it could not reasonably have foreseen or anticipated injury to plaintiff in the manner shown by the evidence as a consequence of its driver permitting the block of ice to drop from the wagon and remain upon the street; and, further, that the proximate causal connection was broken by the intervening act of Campbell in striking the ice with the car driven by him; that the act of the driver was the remote, and not the proximate, cause of the injury.

▉ In this view we do not concur. The driver of the ice wagon negligently permitted the ice to fall from the wagon; he saw it lying in the street and permitted it to remain. He should reasonably have foreseen and anticipated that some passing automobile would strike the ice and the impact hurl the same out of its path; and, as it was hurled away, it might strike some one using the street and inflict injury. If so, the driver's negligence must be regarded as a proximate cause of plaintiff's injury. Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Mexican Nat. Ry. Co. v. Mussette, 86 Tex. 709, 26 S. W. 1075, 24 L. R. A. 642; Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; Hines v. Morrow (Tex. Civ. App.) 236 S. W. 183, 185; Cohen & Co. v. Rittimann (Tex. Civ. App.) 139 S. W. 59.

The issue of proximate cause is ordinarily a question for the jury, and in our opinion the issue here is manifestly of that character. All propositions of appellant relating to this phase of the case are overruled.

▉ Nor is there any error in refusing issue No. 1, requested by defendant, which reads: "Do you find and believe from the preponderance of the evidence that a reasonably prudent man could or would have foreseen that the injury complained of, or some similar one, could or would have happened as a result of the ice's being in the street on the occasion in question?"

This issue was covered by the issue of proximate cause submitted in the main charge.

The court gave a full and complete defini-

**540**

tion of the term "Proximate cause"; also definitions of "Natural and continuous sequence" and "New or independent cause."

The issue having been properly submitted in the main charge, there was no necessity to again submit the same in different form and language.

■ Appellant requested the submission of the various acts of negligence of Campbell in striking the ice as pleaded by it and issues supplementing the same inquiring whether such negligence of Campbell was the sole proximate cause of plaintiff's injury.

Under the facts of this case, it was immaterial whether Campbell was or was not negligent in striking the ice. The material question was whether his striking the same was the sole proximate cause of the injury, and this was submitted in issue No. 11, to which no exception was taken.

It was alleged the plaintiff was guilty of contributory negligence in various particulars. Issues were requested by defendant calling for findings on the various grounds of contributory negligence as pleaded by it, and they were all refused.

■ The only issue submitted with respect to this defense reads: "Do you find and believe from a preponderance of the evidence that the plaintiff was negligent in crossing the street on the occasion in question?

It has been repeatedly held that, in cases submitted upon the general issue, the defendant is entitled to an affirmative submission of any fact or group of facts pleaded in defense and raised by the evidence, which, if true, would establish such defense. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, and other cases which need not be cited.

The same rule applies in cases submitted upon special issues. Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276; Northern, etc., v. Woodall (Tex. Com. App.) 299 S. W. 220.

■ The issue of contributory negligence was raised by the evidence. It was so recognized by the court in the general submission thereof in the issue quoted above, and it was error to refuse those of the special issues requested by defendant presented by its pleadings and raised by the evidence. See cases last cited.

The assignment complaining of the verdict and judgment as excessive is overruled. In view of retrial, the evidence upon the issue will not be discussed.

Reversed and remanded.