HARRY D. BATTS, PLAINTIFF-RESPONDENT, v. JOSEPH
NEWMAN, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, TIDE WATER ASSOCIATED OIL COM-
PANY, A CORPORATION, DEFENDANTS-APPELLANTS.

Argued December 12, 1949—Decided January 23, 1950.

504

Mr. *John E. Hughes* argued the cause for appellant Joseph. Newman, Inc. (*Messrs. Duggan, Shaw & Hughes,* attorneys).

Mr. *Thomas F. Doyle* argued the cause for appellant Tide Water Associated Oil Company. *Mr. William G. McLaughlin* on the brief (*Messrs. Townsend & Doyle,* attorneys).

Mr. *Jacob J. Levey* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J. On December 16, 1946, the respondent was standing on the sidewalk beside a parked coal truck on Avenue E in Bayonne. A truck rented to and operated by Joseph Newman, Inc., was being driven by Thomas Tennis, an employee of the Newman Company, along the avenue. As it passed the spot where the respondent stood, a cylindrical tank dropped from it and lay on the street. Several minutes later, a truck coming in the opposite direction swerved toward the curb and avoided the tank but a truck immediately following it struck the tank, propelling it underneath the parked coal truck and onto the sidewalk where it struck the respondent, causing compound, comminuted fractures of both legs. As a result of these injuries, the respondent was hospitalized for more than a year and suffered a considerable degree of permanent disability.

This action was commenced in the Hudson County Court of Common Pleas in January, 1947, by the respondent against

Joseph Newman, Inc., Tennis and Tidewater Associated Oil Company, the latter allegedly the owner and operator of the truck which struck the tank. The owner of the truck rented and operated by the Newman Company was subsequently joined as a party defendant but a nonsuit was granted as to him during the trial and he is not a party to this appeal.

The cause was heard before a jury, which returned a verdict in the sum of $60,000 in favor of the respondent and against the appellants, Joseph Newman, Inc., and Tidewater Associated Oil Company. A verdict of no cause of action in favor of the Newman Company's driver, Tennis, was also returned. Rule for judgment was entered June 23, 1948. On rules to show cause, the respondent, on October 22, 1948, accepted a reduction of the verdict to the sum of $48,000. Notice of appeal to the Superior Court, Appellate Division, was filed on October 23, 1948, by Joseph Newman, Inc., and on November 29, 1948, by Tidewater Associated Oil Company. The Appellate Division affirmed the judgment.

The respondent moves to dismiss the appeals now taken to this court, contending that, since the original appeals were filed subsequent to September 15, 1948, the decision of the Appellate Division is final and no ground exists under the statutes or rules for further appeal. *R. S.* 2:16–81 provides that an appeal may be taken to the Appellate Division of the Superior Court subsequent to September 15, 1948, from an adjudication made prior to that date "from * * * the Common Pleas Court, of a county." *R. S.* 2:16–82 provides:

"In any such cause or proceeding, so transferred, the final determination thereof, on appeal, by the Appellate Division of the Superior Court, shall be appealable to the Supreme Court, if an appeal could have been taken to the Court of Errors and Appeals from the former Supreme Court had the Constitution not been adopted."

In the case *sub judice,* the rule for judgment was entered June 23, 1948. Under the then existing law, these appellants had one year within which to file their appeals. Since a right of appeal to the Court of Errors and Appeals existed under the former practice, the appeals are properly before this court in accordance with the quoted section of

*R. S.* 2:16–82, *supra,* as modified by *Rule* 1:2–5, which requires such appeals to be filed within forty-five days, which was done in this case.

Different grounds for reversal are advanced by each of the two appellants and they will therefore be considered separately.

The Newman Company argues the trial court committed error by refusing to grant its motions for nonsuit and for a directed verdict. It asserts no negligence was established which could be imputed to this appellant from Tennis or any other employee and, even if negligence were shown, it was not the proximate cause of respondent's injuries because the independent act of a third party intervened.

The testimony shows the tank in question had been affixed to the truck by someone other than Tennis and was part of the equipment regularly carried and used in the Newman Company's work. The truck had a panel body with an open back and upright stakes. No additional safeguard was provided to prevent unsecured objects from falling from it. When Tennis was sent out in the truck to procure gasoline, the tank apparently worked loose from its position and subsequently fell onto the street. Tennis, unaware of the loss, proceeded for some distance until stopped by an unknown motorist who had seen the tank fall. On this state of facts, the trial court refused the appellant's motions for a nonsuit and for a directed verdict and submitted the case to the jury, which returned a verdict in favor of Tennis but against Joseph Newman, Inc.

There is proof to support the verdict so returned irrespective of any negligence of Tennis. The fact the tank fell into the street is eloquent evidence and, together with other proven facts, indicates it was not securely attached to the truck and that adequate precautions were not taken to prevent such an occurrence.

There being evidence from which the negligence of the Newman Company might reasonably be inferred, a jury question was presented and the motions for nonsuit and for a directed verdict on this ground were properly denied. *Dayton v. Boettner,* 82 *N. J. L.* 421 (*E. & A.* 1911).

██ ██ The facts recited above also dispose of the appellant's contention that the verdict against it and the judgment entered thereon are without legal foundation because of the exoneration of its servant, Tennis. Where a master and servant are sued jointly and the action against the master is predicated solely on the tortious conduct of the servant, there can be no verdict against the master if a verdict is found in favor of the servant. *Prendergast v. Jacobs,* 110 *N. J. L.* 435 (*E. & A.* 1933). Where, however, as here, acts of negligence alleged against the Newman Company were not, of necessity, imputed to it from Tennis but related to acts of other employees of the company in failing to secure the tank properly and failing to provide adequate safeguards to prevent articles in the truck from falling onto the public highway, and where there was evidence introduced in support of these allegations, the determination was for the jury, based upon the proof submitted.

The other ground of appeal advanced by Joseph Newman, Inc., concerns the question of proximate cause. It is argued the trial court should have granted the motions for nonsuit and a directed verdict because the evidence showed respondent's injuries were not attributable to any negligence of this appellant but to an independent, intervening act, the striking of the tank by a truck not owned or controlled by this company. If the act broke the causal connection between the appellant's negligent act in permitting the tank to fall in the street and the subsequent injuries suffered by the respondent, this contention would have merit. Here, however, the converse was true. The appellant's negligence was the foundation and cause of, and started the chain of events which led directly to the injuries sustained.

██ Proximate cause has been defined as "the efficient cause—the one that necessarily sets the other causes in operation." *Batton v. Public Service Corp. of N. J.,* 75 *N. J. L.* 857 (*E. & A.* 1908); *Kelson v. Public Service R. R. Co.,* 94 *N. J. L.* 527 (*E. & A.* 1920). It is the "act or omission which directly brought about the happening complained of and in the absence of which the happening complained of

would not have occurred." *Silverstein v. Schneider,* 110 *N. J. L.* 239 (*E. & A.* 1933).

The Appellate Division, in its opinion, cited the case of *Millman v. U..S. Mortgage & Title Guaranty Co.,* 121 *N. J. L.* 28 (*Sup. Ct.* 1938), wherein it was held that a wrongdoer is liable for the results naturally and proximately ensuing from the wrongful act "even though it be immediately produced by an intervening cause, if such intervening cause was put in operation by the primary wrongful act."

Facts similar to the ones before us were presented and passed upon in the case of *City Ice Delivery Co. v. Suggs* (*Tex. Civ. App.*) 60 *S. W.* 2d 538 (1933). A block of ice had fallen from an ice wagon onto a public street and a pedestrian was injured when an automobile struck the ice and hurled it against him. Discussing the question of proximate cause, as there applicable, the court said:

"He should reasonably have foreseen and anticipated that some passing automobile would strike the ice and the impact hurl the same out of its path; and as it was hurled away it might strike someone using the street and inflict injury. If so, the driver's negligence must be regarded as the proximate cause of plaintiff's injury. * * * The issue of proximate cause is ordinarily a question for the jury, and in our opinion the issue here is manifestly of that character."

In the present case, the appellant's negligence resulted in the tank lying in a busy street. But for this, the subsequent events leading to respondent's injury would not have occurred; the concurring cause, the striking of the tank by another truck, could not have taken place. The causal connection between the appellant's negligence and the respondent's injury was unbroken. Under these circumstancs, there was no error committed by the trial court in refusing to nonsuit or to direct a verdict for the Newman Company on this ground.

As to the refusal to charge two requests relating to the issue of proximate cause, a reading of the entire charge, including the alternative verdicts which the court instructed the jury it might return, convinces us that the court adequately and accurately stated the applicable rule of law. A

party to an action is not entitled to have the jury charged in words of his own choosing, and, when the charge as a whole clearly and correctly states the principles of law pertinent to the issues in the case, there is no error in this respect. *State v. Juliano,* 103 *N. J. L.* 663 (*E. & A.* 1927).

The Tidewater Associated Oil Company asserts prejudicial error in the admission into evidence of an ordinance of the City of Bayonne. It was admitted early in the trial over objection and prescribed certain routes to be followed in the city by "tank trucks and trailers used for carrying flammable oils and liquids." Subsequently, witnesses described the truck which struck the tank allegedly owned by the Tidewater Company as a flat or rack truck and there was no attempt to show it was carrying flammable oils or liquids.

Admittedly the ordinance was irrelevant and the appellant contends it was also prejudicial because one of the issues in the case was the identification of the truck which struck the tank and propelled it against the respondent. The appellant's witnesses endeavored to show all its rack trucks were engaged elsewhere and were not in the vicinity where the accident occurred. It asserts, however, that the jury might have inferred from the admitted ordinance that one of the appellant's tank trucks was involved. We think there was no possibility of the jury being misled in this respect.

The immateriality of the ordinance was obvious from the testimony of the Tidewater's plant manager, who testified, "All oil trucks must use Avenue E," while all other witnesses who described the truck referred to it as a "flat or rack truck" and therefore not covered by the ordinance.

Shortly after it was introduced in evidence, the respondent's attorney asked permission of the court to read the ordinance. The court then said:

"Of course, I suppose that (you) also have the obligation of proving that this truck was carrying inflammable fuel. However, I overruled counsel's objection and permitted you to introduce it. You may read it subject to your right to have it stricken, Mr. Doyle (attorney for the Tidewater Company), if his proofs do not justify the introduction."

When its irrelevance was established by the evidence and the proof showed no justification for its introduction, counsel did not move to strike the exhibit, which privilege the court had specifically reserved to him.

We are satisfied from an examination of the whole case that the admission of the ordinance under the circumstances narrated did not constitute error injuriously affecting the substantial rights of this appellant.

Reversal is also urged by the Tidewater Company because there was no sufficient proof of ownership of the truck involved. Two of the respondent's witnesses described the color of the truck in question as "orange," "red orange" and "kind of orange color" and testified it bore the name "Tidewater" and "Tidewater Oil." The testimony of a witness who saw the oncoming truck strike the tank from a distance of a block and a half away is questioned and it is urged that the angle was so acute as to make it improbable she could have read the name. Any doubt so created, however, was dispelled by the fact that the truck continued on toward her and actually passed her, thus affording ample opportunity for observation. The other witness, a co-employee of the respondent, testified to seeing the name "Tidewater" and, on cross-examination, "Tidewater Oil" on the side of the truck. Respondent said after he had been hit and was falling, he saw an "orange color" truck passing which bore the name "Tidewater" on the door.

There was evidence that the Tidewater Company owned only four rack trucks on the day of the accident and that one of the four did not leave the company's yard. The drivers of the other three trucks testified that none of them was near the scene at the time of the accident. This conflicting state of the evidence, regardless of the weakness of some of the witnesses, presented a question of fact to be decided by a jury and was properly submitted for its determination.

The refusal to grant the appellant's motion for a nonsuit and for a directed verdict is cited as error on the ground that actionable negligence had not been established. The evidence shows the truck identified as the property of

the Tidewater Company was following close behind a dark green truck as it approached the place where the tank lay in the street. The green truck veered toward the curb on its right and the Tidewater truck, continuing on, struck the tank. One of the witnesses testified it was going fast and the evident force with which the tank was propelled to the sidewalk affords ample corroboration of the speed. This, plus the fact of striking the tank which was lying in plain view, was sufficient evidence of negligence to take the question to the jury. We find no error in the refusal to nonsuit the respondent or direct a verdict in favor of the Tidewater Company.

The last point raised by this appellant is that the trial court abused its discretion in refusing to reduce the verdict below $48,000. At the time of the injury the plaintiff was fifty-eight years of age, employed as a driver of a coal truck and received a gross income of approximately $2,200 a year. His hospital and doctor bills exceeded $5,000 at the time of the trial and his loss of income approximated $3,500. Both bones in both legs were broken by the accident and he spent slightly over a year in the hospital undergoing various treatments for the fractures and the resulting complications. He suffered a loss of wages over a long period of time and the medical testimony indicated he would be unable to resume the occupation of a truck driver which he had followed for more than thirty years. Indeed it was doubtful that he would ever be able to work again in any capacity.

The trial court's decision on the question of whether a verdict was excessive is final unless the court has been guilty of an abuse of discretion constituting "a shock to reason and to justice." *Nelson v. Eastern Air Lines, Inc.*, 128 *N. J. L.* 46 (*E. & A.* 1942). We find no abuse of discretion.

The judgment is affirmed.

Tidewater Associated Oil Co. case:

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and ACKERSON—5.

*For reversal*—Justices CASE and OLIPHANT—2.

Newman case:

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD and ACKERSON—5.

*For reversal*—Justices OLIPHANT and BURLING—2.