**C. D. LEON, Appellant,**

v.

**James WILSON et al., Appellees.**

No. 3451.

Court of Civil Appeals of Texas.

Eastland.

June 19, 1959.

Rehearing Denied July 10, 1959.

Curtis White, Dallas, for appellant.

R. G. Vial, Dallas, for appellees.

COLLINGS, Justice.

This is a venue case. James Wilson, individually and as next friend of his minor son, James Wilson II, brought suit in the 44th Judicial District Court of Dallas County against C. D. Leon. Plaintiff sought to recover damages for alleged personal injuries to his minor son, who was struck in the left eye by some object thrown by the wheels of an automobile operated by some unknown person, while the son was attending the Hampton Road Drive-In Theater, owned and operated by defendant. Plaintiffs alleged that the defendant was guilty of negligence in the operation and maintenance of his theater which proximately caused the injury and damage complained of. Leon filed a plea of privilege to be sued in Taylor County, the place of his residence. Plaintiff filed a controverting affidavit claiming venue in Dallas County under Section 9a of Article 1995, Vernon's Annotated Texas Civil Statutes. Upon a hearing before the court without a jury the plea of privilege was overruled. C. D. Leon has appealed.

Appellant urges that the court erred in overruling his plea of privilege; that there was no evidence, or, in any event, insufficient evidence, and that appellant failed to discharge his burden of showing that appellant, his agents, servants or employees did or failed to do anything which plaintiff alleged that proximately caused injury to his minor son.

Article 1995, Section 9a, V.T.C.S., provides as follows:

"9a. Negligence—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

Appellee James Wilson alleged that appellant was guilty of negligence proximate-

ly causing the alleged injury to his son, in permitting the accumulation of foreign matter and debris in a place where it could be thrown into the face of James W. Wilson, II, by the wheels of a passing car, in failing to erect a fence of sufficient height and solidity to prevent debris from being thrown into the face of James W. Wilson, II, in permitting automobiles to pass in close proximity to the area reserved for children over an area cluttered with debris, and in the use of unwashed gravel to harden the surface of a driveway for automobiles next to and adjoining the area especially reserved and designated for children. Appellee alleged that: "In each and all of the foregoing particulars, defendant was negligent and such negligence proximately caused all of the injuries and damages sustained by plaintiff and by James Wilson, II. Plaintiff further alleges that defendant knew, or by the exercise of reasonable prudence, could have discovered each and all of the above defects, that they were open and obvious to the defendant and his employees, but under no circumstances were they readily apparent or discernable to James W. Wilson, II."

■ The evidence shows that James Wilson, II, is fourteen years of age; that on the evening of September 29, 1956, at about 8 o'clock p. m., he and his sister, Judy were taken to the Hampton Road Drive-In Theater by Mrs. Leftwich, a friend of the family, together with her two children. Mrs. Leftwich bought tickets for herself and each of the children and entered the drive-in theater. There is a playground area in a kind of half-circle or half-moon shape in the theater located directly beneath and in front of the theater screen. The playground is surrounded by and separated from the driveway and parking area by a 2½-foot or 3-foot slatted fence. Some of the slats of the fence were broken. James Wilson, II took his seat with other children in the playground area as a paying customer of appellant. He was an invitee on the premises. 30-b Tex.Jur. 243.

■ The owner of a business establishment owes the duty to a business invitee to use reasonable care to make and keep his premises in a reasonably safe condition for use by his invitees. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60; McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391. In this connection it appears that behind the playground area was a ramp upon which the cars were parked to watch the show. Between the ramp and the playground was a driveway. There was evidence to the effect that when cars left the ramp they would pass behind the playground area within 3 or 4 feet of the children. There was evidence to the effect that the ramp was about 10 years old and in a deteriorated condition; that there was need for work to be done on the drives and on the ramp; that there was loose gravel in the driveway as well as broken pieces of glass, bottle tops and other foreign matter; that the ramp and driveway had chuckholes which were filled with gravel; that when cars were leaving the theater their wheels would throw loose gravel and other material on the driveway; that such loose gravel and other material would hit the fence; that the force of the gravel or other particles in hitting the fence was such that it could be easily heard and there were deep marks on the fence showing where the fence had been hit by such gravel and foreign matter and sometimes there was damage to windshields because of the flying gravel. There was evidence to the effect that the low fence around the playground did not provide adequate protection to the children; that actually the purpose of the fence in the first place had not been to protect the children from flying gravel or other foreign substances, but to mark the boundaries of the playground area; that light fixtures had been broken by flying gravel; that a fence of proper height and construction would have been adequate protection to the children occupying the playground area and that there was nothing to prevent appellant from seeing the inadequate condition of the fence.

■ To sustain venue in Dallas County under Section 9a of Article 1995, supra, appellee as plaintiff had the burden to allege and prove venue facts showing the case to be within the provisions of that section of the statute. In our opinion appellee met that burden. Appellee alleged that his minor son sustained the injuries complained of when he was struck in the eye by gravel, debris or some foreign matter thrown by the wheels of an automobile in appellant's drive-in theater in Dallas County. Appellant urges that appellee failed to establish any negligence proximately causing the injuries complained of because there is no evidence showing whether it was gravel or debris or something else which struck the boy in the eye. We cannot agree that this is a controlling consideration. When two or more negligent acts have been proved and it is further shown that the injuries complained of must have been the direct result of one or all of them, a plaintiff is not required to go further and establish the particular one that caused the injuries. 65 C.J.S. Negligence § 200, p. 939.

■ Appellee alleged and proved that appellant, his agents or representatives had placed gravel in chuckholes on his driveway adjoining the playground area of the theater. It was shown that appellant had permitted an accumulation of foreign matter and debris thereon. Glass was found on the driveway of the theater on the morning following the accident. It was also shown that appellant failed to erect a fence of sufficient height to prevent debris, gravel and foreign matter from being thrown into the face of plaintiff's son or of anyone similarly situated.

We cannot agree with appellant's theory that if it was a particle of debris such as a piece of glass that injured the boy's eye he cannot be held liable because there was no showing that appellant knew or should have known that the glass was there, nor can we agree with his contention that he should not be required to anticipate that a car would spin its wheels and fling gravel, debris or other foreign matter on his driveway hard enough to injure someone. It was not required that appellant should know or be able to establish the particular gravel, particle of debris or other particle of matter which struck the boy in the eye. It was only required that appellee should establish that the injury was caused by some one or more of the alleged means, and this showing could be made by circumstantial evidence. It was shown that there were deep marks on the fence indicating where it had been hit by gravel "and everything"; that when cars were leaving the theater one could hear gravel or particles of some substance hit the fence; that light fixtures around the play area had been broken and windshields had been damaged.

■ The allegations and the proof in our opinion established the existence of a dangerous condition in the playground area where the son of appellee was invited to be, and also showed that appellant, his agents or representatives were responsible for such condition, or knew or should have known of such dangerous condition and should reasonably have foreseen and anticipated the occurrence of some such injury as that sustained by James Wilson, II. Although the accidental injury involved was immediately produced by an intervening cause this is no excuse where the intervening cause is put in operation by appellant's original wrongful acts or omissions. City Ice Delivery Company v. Suggs, Tex.Civ. App., 60 S.W.2d 538 (Writ Ref.); Batts v. Joseph Newman, Inc., 3 N.J. 503, 71 A.2d 121.

We overrule appellant's points urging that appellee failed to discharge his burden of showing that appellant, his agents, or representatives failed to do anything which appellee alleged that proximately caused the injury to James Wilson, II and that there was no evidence and insufficient evidence to support the judgment. Appellee's pleadings and proof complied with the provisions of Subdivision 9a, supra. They established (1) negligent action and omis-

sions in Dallas County (2) shown to be that of appellant, his agents, or representatives and (3) which proximately caused the injuries complained of.

The decree of the trial court overruling appellant's plea of privilege is affirmed.