CLARK H. BATTON, ADMINISTRATOR, &c., PLAINTIFF IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted November 19, 1907—Decided March 2, 1908.

1. The wrongful act, neglect or default must have been the proximate cause of death in order to give a right of action therefor.
2. The proximate cause is the efficient cause—the one that necessarily sets the other causes in operation.
3. If the deceased, acting in good faith, and without negligence on her part, attended to such household duties as she thought she might prudently perform, and in so doing produced a hemorrhage from the original wound which she had received as a result of the negligence of the defendant, from which death ensues, the defendant is not thereby relieved of the consequences of its wrongful act.

4. If the act of the deceased in attending to her household duties did cause the hemorrhage which was the immediate cause of death, the question whether, considering the situation and surroundings of the deceased, it was such a negligent act as to defeat recovery was for the jury.

5. Where there is any evidence tending to show pecuniary injury, resulting from death, to the next of kin of the deceased, the question of damages should be submitted to the jury.

On error to the Supreme Court.

For the plaintiff in error, *William C. French.*

For the defendant in error, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ of error brings under review a judgment entered in the Supreme Court upon a nonsuit at the Camden Circuit.

The plaintiff is the administrator of his deceased wife, Laura Batton, and brought suit under the Death act (*Gen. Stat., p.* 1188) to recover for the pecuniary injury resulting to the next of kin from the death of the wife, alleged to have been caused by a fall from a trolley car negligently operated by the defendant, the Public Service Corporation of New Jersey.

The learned trial judge nonsuited the plaintiff upon the grounds—*first,* that the fall was not the proximate cause of death, and *second,* that there was no proof of pecuniary loss to the next of kin.

We think that both questions should have been submitted to the jury.

*First.* That the accident occurred; that it was due to the negligence of the defendant, and that in the fall the deceased ruptured her spleen and was otherwise injured, is not disputed.

But it is contended by the defendant that the fall from the car was not the proximate cause of her death.

It is familiar law that the wrongful act, neglect or default

must have been the proximate cause of death in order to give
a right of action therefor.   See 13 *Cyc.* 319, and cases there
cited.

The proximate cause is the efficient cause—the one that
necessarily sets the other causes in operation.   The causes
that are merely incidental, or instruments of a superior or
controlling agency, are not proximate causes and the responsi-
ble ones, though they may be nearer in time to the result.
*Ætna Fire Insurance Co.* v. *Boon,* 95 *U. S.* 117; *Wiley* v.
*West Jersey Railroad Co.,* 15 *Vroom* 247; *Collins* v. *West
Jersey Express Co.,* 43 *Id.* 231.

In the present case it is established beyond controversy that
prior to her fall from the trolley car the deceased enjoyed
perfect health; that the fall ruptured her spleen, and that
"she never had a well day after the fall;" that the spleen has
to do with the blood-making processes of the body, and after
the accident it did not perform its functions; that her "color
was bad;" that the wound never more than partially healed,.
and that about nine weeks after the accident she had an
internal hemorrhage, was taken to the hospital in a state of
collapse, was there operated on by surgeons, and died two days
thereafter.

But it is contended by the defendant that the hemorrhage,
which immediately preceded death, was caused by a strain to
which Mrs. Batton subjected herself, and that therefore the
negligent act of the defendant was not the proximate cause
of death.

It is true that the *post-mortem* examination showed that
the wound, which had only begun to heal, had been freshly
torn.   It further appeared that some time during the day
before she was removed to the hospital Mrs. Batton had
lifted a wash boiler off the stove, and there is testimony tend-
ing to show that this might have broken open the healing
wound.   But this did not justify the court in holding, as a
matter of law, that the wrongful act of the defendant was not
the proximate cause of death.

It appeared in the case that though the deceased was sick
continuously from the time of the accident, yet nevertheless

she continued to attend to her household duties to the best of her ability from time to time, as her strength would permit. Under these circumstances the pertinent legal rule is that if the deceased, acting in good faith, and without negligence on her part, attended to such household duties as she thought she might prudently perform, and in so doing produced a hemorrhage from the original wound which she had received as a result of the negligence of the defendant, from which death ensues, the defendant is not thereby relieved of the consequences of its wrongful act. *Sullivan* v. *Tioga Railroad Co.*, 112 *N. Y.* 643; *Hope* v. *Troy & L. R. R. Co.*, 40 *Hun* 438; *affirmed*, 110 *N. Y.* 643; *Lyons* v. *Erie Railway Co.*, 57 *Id.* 489; *Brashear* v. *Philadelphia Traction Co.*, 180 *Pa. St.* 392; *Newark Railroad Co.* v. *McCann*, 29 *Vroom* 642; *Beauchamp* v. *Saginaw Mining Co.*, 50 *Mich.* 163; *Terre Haute Railway Co*. v. *Buck*, 96 *Ind.* 346.

If, therefore, the act of the deceased in lifting the wash boiler did cause the hemorrhage which resulted in death, the question whether, considering the circumstances and surroundings of the deceased, it was such a negligent act as to defeat recovery was for the jury. *Newark Railroad Co.* v. *McCann, supra.* It must be borne in mind that Mrs. Batton was not a volunteer in the care of her ailment. The negligence of the defendant had thrust that burden upon her. Her duty was to use reasonable care to restore herself to health. If, therefore, she conducted herself as would a reasonably prudent person in her situation and circumstances, and innocently aggravated the harmful effect of the original injury, the original wrongful cause continues to the end and accomplishes the final result, and is therefore the proximate cause.

*Second.* The statute applicable to the present case provides that "in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to the  *  *  *  next of kin of such deceased person." *Gen. Stat.,* p. 1188.

The injury to be thus recovered for has been defined to be "the deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the

life of deceased." *Paulmier* v. *Erie Railroad Co.,* 5 *Vroom* 151; *Demarest* v. *Little,* 18 *Id.* 28.

In the case under consideration there was some evidence of pecuniary injury resulting from the death of Mrs. Batton to the next of kin, her infant children. The question of damages should therefore have been submitted to the jury.

Since the nonsuit cannot be justified upon either of the grounds upon which it was granted, the judgment below must be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, DILL, J.J.   12.