HENRY KELSON, RESPONDENT, v. PUBLIC SERVICE RAIL-
ROAD COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

1. The duty of a carrier to exercise due care for the safety of its
   passengers continues only while the relation of passenger and car-
   rier. exists.
2. A carrier is not liable for an injury to a passenger from an acci-
   dent, which is not the reasonable, natural and probable result of
   the situation, and which could not have been foreseen by the car-
   rier in the exercise of that high degree of care which the law de-
   mands. Or when there is no causal connection between the act
   of the carrier and the injury to the passenger.
3. A passenger on a trolley car had been carried by his station,
   but let off at another station by the conductor, and given a ticket
   to enable him to ride back to his station, the conductor telling
   the passenger to take another car back; instead of so doing, the
   passenger started to walk back on the private right of way of
   the railroad company; he stumbled and fell sustaining the in-
   juries sued for—*Held*, the railroad company is not liable for the
   injuries thus sustained. There is no causal connection between
   the injuries sustained and the act of the defendant company in
   not letting the passenger off at the right station—*Held, further*,
   whether the cause of the accident is too remote to allow compen-
   sation by way of damages is a question of law to be decided by
   the court.

On appeal from the Union County Circuit Court.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan*
and *Edwin C. Caffrey.*

For the respondent, *Samuel Koestler.*

The opinion of the court was delivered by

BLACK, J. The undisputed facts in this case are: The
plaintiff boarded a car of the defendant company at Chrome,
New Jersey, intending to go to Rahway. He went to Chrome
Junction and was there given a transfer to Woodbridge Junc-
tion. He thereupon transferred to another car and proceeded
toward Woodbridge Junction. He was carried by Woodbridge

Junction. The conductor then gave him a ticket to enable him and two other persons to ride back to Woodbridge Junction. The conductor let the plaintiff off at Poor Farm Road, telling him to take another car back to Woodbridge Junction, on his way to Rahway. Poor Farm Road is a regular trolley station. There is a dirt road leading from either side of the track at Poor Farm Road. There is also a little building—just a station for the waiting-room—"a small shanty, that is all."

It was about twelve forty-five P. M. on November 19th, 1918. It was rainy and dark. The testimony is, that one or more cars passed while the plaintiff was waiting at Poor Farm Road station going toward Woodbridge Junction, but they could not be prevailed upon to stop. After waiting twenty-five minutes or a half an hour, the plaintiff started to walk back to Woodbridge Junction, a distance of about two miles, on the private right of way of the defendant company, which is fenced in and has cattle guards at the crossing; he stumbled and fell sustaining a hernia. The plaintiff then continued his walk to Woodbridge Junction; at Woodbridge Junction he got the last car that night to Rahway. The trial resulted in a verdict for the plaintiff. The only ground of appeal argued by the appellant is the refusal of the trial court to charge the jury: "If the plaintiff was put off at Poor Farm Road and the plaintiff left this place, the defendant is not liable for any injuries received subsequent to his leaving Poor Farm Road and on the private right of way."

This request is criticised by the plaintiff as inaccurate; as an abstract rule of law it is too broad, it is said, but so it was said in the case of *State* v. *Jones*, 71 *N. J. L.* 543, where a similar criticism was made to a charge to the jury, but there it was said it was the law of the case as applied to the facts, and as the law of the case it was not error in the charge.

When the plaintiff left the station at the Poor Farm Road his status as a passenger of the defendant company was terminated by the voluntary act of the plaintiff. The causal connection between the defendant's act and the duty to the plaintiff as its passenger was broken. The trial judge should have

so instructed the jury. The language of the request, which was refused, when applied to the facts before the jury, was a correct expression of the defendant's legal duty. It is the law of the case. It should have been charged. It was error not to so charge. This case, in some of its legal aspects, is not unlike the case of *Robertson* v. *West Jersey, &c., Railroad Co., 79 N. J. L.* 186, in the Supreme Court. It was there said: "The duty of a carrier to exercise due care for the safety of a passenger continues only while the relation of a passenger and carrier exists." The defendant company did not owe to the plaintiff a duty of making the private roadbed a safe place to walk upon. It was not built to be used for that purpose. It is common knowledge that the negligence of the defendant must be the proximate cause of the plaintiff's injuries—the proximate cause is the efficient cause—the one that necessarily sets the other causes in operation. *Batton* v. *Public Service Corporation, 75 Id.* 857. There must be an unbroken causal connection. The famous Squib case is a familiar illustration. *Scott* v. *Shephard,* 2 *W. Bl.* 892. The proximate cause is that cause which naturally and probably lead to, and which might have been expected to produce, the result. *Wiley* v. *West Jersey Railroad Co.,* 44 *N. J. L.* 251; *Smith* v. *Public Service Corporation,* 78 *Id.* 478. Whether the cause is too remote to allow compensation by way of damages is a question of law to be decided by the court. *Mangan* v. *Atterton, L. R.* 1 *Exch.* 239; *Clark* v. *Chambers, L. R.* 3 *Q. B. D.* 327, 337.

A carrier is not liable for an injury to a passenger from an accident which is not the reasonable, natural and probable result of the situation, and which could not have been foreseen by the carrier, in the exercise of that high degree of care which the law demands of him. 3 *Thomp. Neg.,* ¶ 2778; *Ayers* v. *Rochester Railroad Co.,* 156 *N. Y.* 104; *Stephens* v. *Oklahoma City Railway Co.,* 28 *Okla.* 340; 33 *L. R. A. (N. S.)* 1007.

We think it was legal error for the trial court to refuse the request. The judgment below is therefore reversed and a *venire de novo* is ordered.

*For affirmance*—KALISCH, TAYLOR, ACKERSON, JJ.   3.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   11.