GEORGIANNA COX AND GEORGE COX, RESPONDENTS, v. JENNIE H. SCOTT, DEFENDANT, AND WILLIAM ROSENVINGE, APPELLANT.

JOHN ADAMS, RESPONDENT v. JENNIE H. SCOTT, DEFENDANT, AND WILLIAM ROSENVINGE, APPELLANT.

MARGARET L. RICE AND JAMES J. RICE, RESPONDENTS, v. JENNIE H. SCOTT, DEFENDANT, AND WILLIAM ROSENVINGE, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

• For the appellant, *William F. Vosseller.*

For the respondents, *John A. Coan.*

The opinion of the court was delivered by

KATZENBACH, J. On October 3d, 1924, Georgianna Cox and Margaret L. Rice were passengers in a public bus owned by William Rosenvinge and driven by John Zientk, his servant. The bus was proceeding from South Amboy to Perth Amboy over a highway known as Pennsylvania roadway. On the preceding day a storm had occurred. Sand had been washed over and accumulated on the highway which had a concrete surface. The state highway department was removing the sand. While this work of removal was in progress the highway was practically a one-way street. Traffic was being directed. One John Adams was driving a horse and wagon over this highway to Perth Amboy. When he arrived at a point near the Pennsylvania railroad bridge he was stopped in order to let southbound traffic pass. The bus of Rosenvinge was proceeding in the same direction as Adams. When Adams stopped the driver of the bus, which was following Adams, stopped the bus from eight to twelve feet in the rear of Adams' wagon. The bus driver braked the bus with the emergency brake. A truck owned by Jennie H. Scott and driven by her husband, Harvey Scott, followed the bus. The grade at this point of the highway was downward when proceeding towards Perth Amboy. The truck weighed seven and one-half tons and was loaded with lumber. The truck driver watched the bus all the way and noted the moment it stopped. He attempted to apply the brakes. They would not hold. They were, apparently, in a defective condition.

Scott, after frantic efforts to stop the truck with the aid of another who was on the truck, finally turned the front of the truck to the left, but the rear of the truck struck the rear of the bus with such force as to shove the bus forward into the wagon of Adams demolishing it, scattering the contents of the wagon, injuring Adams, and injuring the horse so severely that it had to be shot. Mrs. Cox and Mrs. Rice, passengers in the bus, were also injured.

Adams instituted a suit against Rosenvinge and Jennie H. Scott in the Middlesex Circuit Court to recover damages for his injury and losses. Mrs. Cox and Mrs. Rice and their respective husbands commenced in the same court against the same parties actions to recover damages for the injuries and losses they sustained. The three suits were tried together. All the plaintiffs obtained verdicts against the defendants. The verdict for Adams was set aside as inadequate. Rosenvinge appealed the Adams suit to the Supreme Court. The appeal was dismissed upon the ground that there was no final judgment. The record shows that Rosenvinge has appealed the Adams case to this court upon the assumption that the Supreme Court affirmed the judgment which the Supreme Court did not. It is stated, however, in the briefs that this case has been settled, so we are not now concerned with its disposition.

Rosenvinge and Mrs. Scott appealed the judgments obtained by the Coxes and Rices to the Supreme Court. That court reversed the judgments as to Jennie H. Scott and ordered a new trial for an error of the trial judge made in his charge to which counsel for Mrs. Scott had taken an exception. Counsel for Rosenvinge took no exception to the portion of the court's charge held by the Supreme Court to be erroneous. The Supreme Court affirmed the judgments of the Coxes and Rices against Rosenvinge. In its opinion the Supreme Court says:

"The appeals of Rosenvinge taken from the judgments in the Cox case and the Rice case are each of them based solely upon the contention that the trial court erred in refusing to order a nonsuit or direct a verdict because of the failure of proof showing that the accident was the cause of negligence

on his part. Our examination of the state of the case sent up with the appeals satisfies us that the questions of his negligence and of its being the proximate cause of the accident were for the determination of the jury and not the court. We conclude, therefore, that the judgments against Rosenvinge in each of these two cases should be affirmed."

From the judgments of the Supreme Court against him Rosenvinge now appeals to this court. The grounds of appeal are, of course, the same as those presented in the appeal of Rosenvinge to the Supreme Court, namely, the refusal of the trial court to nonsuit or direct a verdict in favor of Rosenvinge on the ground that the plaintiffs had shown no negligence on the part of Rosenvinge.

It is true that Rosenvinge was a common carrier and was obliged to exercise towards his passengers a high degree of care to transport them safely. It is also true that the proof of the happening of a collision between the bus and a vehicle on the highway, an accident which, in the ordinary course of events, would not have happened if proper care had been used, raised an implication of negligence on the part of the bus owner. *Shay* v. *Camden and Suburban Railway Co.,* 66 *N. J. L.* 334. A presumption of this character may be entirely wiped out by uncontradicted proof to the satisfaction of the court to the contrary. If such proof is offered the question becomes one for the court to decide. *Mahan* v. *Walker,* 97 *Id.* 304. Our examination of the evidence fails to disclose anything which, in our opinion, the driver of the bus could have done to avoid the accident which he did not do. He stopped his bus in a proper place. He was from eight to ten feet behind the wagon of Adams. He set his hand or emergency brake. He looked in his mirror and saw nothing behind him. It is said he did not put out his hand. There was no reason why he should as the mirror disclosed nothing behind him. In any event, it made no difference whether he put out his hand or not, because the truck was trailing the bus from forty-five to fifty feet away, and Scott, the driver of the truck, was watching the bus all the way down. When the bus was stopped Scott saw it immediately and ap-

plied his brakes, which failed to work, and the accident occurred.

We are unable to see in the case any act which the driver of Rosenvinge's bus did or omitted to do which proximately contributed to the accident. It, therefore, follows that the trial court should have directed a verdict in favor of Rosenvinge in both suits.

The judgments against William Rosenvinge are according reversed, with costs. The cases are remanded to the Supreme Court for the purpose of entering judgments as indicated in this opinion.

*For affirmance*—None.

*For reversal*—PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ. 11.