8 N.J. Super. 208 (1950)
73 A.2d 749
JACK B. VADURRO, JOHN P. MELONI, AND DOMINIC D'ALESANDRO, PLAINTIFFS-RESPONDENTS,
v.
YELLOW CAB COMPANY OF CAMDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1950.
Decided June 6, 1950.
*210 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Meyer L. Sakin argued the cause for defendant-appellant.
Mr. Joseph Tomaselli argued the cause for plaintiffs-respondents (Messrs. Malandra & Tomaselli, attorneys).
The opinion of the court was delivered by DONGES, J.A.D.
This appeal brings up for our consideration the judgments rendered in favor of plaintiffs in the Superior Court, Law Division.
Plaintiffs were passengers in the defendant's taxicab which was traveling west on the Delaware River Bridge from Camden to Philadelphia. The bridge had, at that time, six lanes of traffic, three going east toward Camden and three going west toward Philadelphia.
There was testimony by the plaintiffs that the collisions in this case occurred about 3:15 A.M. on May 4, 1947. Plaintiffs testified that the defendant's taxicab was traveling about 40 or 45 miles per hour in the west-bound lane adjacent to the center of the bridge; that the taxicab went across the white center line into the lane of traffic coming in the opposite direction, when another vehicle coming in the opposite direction collided with the taxicab. This vehicle, with which the taxicab collided, had been stolen and the driver ran away after the incident. The defendant's cab came to rest, after the collision, partly in the east-bound lane adjacent to the center line. One of the plaintiffs was rendered unconscious but the other two stepped out of the cab at the invitation of the driver.
*211 Shortly thereafter, the police arrived at the scene of the collision and parked their jeep about 50 or 60 feet from the cab toward the Philadelphia portion of the bridge. About three or four minutes later, another automobile, traveling from Philadelphia toward Camden, struck the taxicab which was partly in the wrong lane. The two plaintiffs, who were alongside of the taxicab, were thrown to the ground. All three passengers were injured as a result of these two collisions.
Three suits were instituted on behalf of the plaintiffs but were consolidated for trial. There were originally three other defendants in the suit also, one of whom was Lenon Reese, the driver of the vehicle which struck the taxicab after it came to rest. However, the trial court dismissed the suit on plaintiffs' opening as to two of the defendants, and the plaintiffs voluntarily dismissed the suit against Lenon Reese. The trial was therefore conducted with only one defendant, the appellant.
During the course of the trial, the defendant attempted to elicit from a police officer the plea of Lenon Reese at a municipal court hearing after the collision. An objection to the question was sustained.
Verdicts were returned by the jury in favor of the plaintiffs and judgments entered accordingly.
The defendant raises several questions on this appeal. It contends, first, that the defendant was free of any negligence which was the proximate cause of the injuries to the plaintiffs. It claims that the second collision was caused by an intervening, independent act. If the act of the third party broke the causal connection between the defendant's negligent act in operating its vehicle prior to the first collision and the injuries suffered by the plaintiffs, the contention would have merit. Here, however, the converse was true. The defendant's negligence, which a jury might reasonably find from the testimony of the plaintiffs, was the foundation and cause of, and started the chain of events which led directly to the injuries sustained. See Batts v. Joseph Newman, Inc., 3 N.J. 503 (Sup. Ct. 1950).
*212 Proximate cause has been defined as "the efficient cause  the one that necessarily sets the other causes in operation." Batton v. Public Service Corp. of New Jersey, 75 N.J.L. 857 (E. & A. 1908); Kelson v. Public Service R.R. Co., 94 N.J.L. 527 (E. & A. 1920); Batts v. Joseph Newman, Inc., supra. It is the "act or omission which directly brought about the happening complained of and in the absence of which the happening complained of would not have occurred." Silverstein v. Schneider, 110 N.J.L. 239 (E. & A. 1933).
It is not sufficient for defendant to show that the negligence of a third party may have contributed to the happening of the collision, for if his own negligence was one of the proximate causes, he is nevertheless liable for the injuries sustained. See Vol. 4, pt. 2, Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 2552; Reed v. Ogden & Moffett, 252 Mich. 362, 233 N.W. 345 (Sup. Ct. Mich. 1930).
In Millman v. United States Mortgage & Title Guaranty Co., 121 N.J.L. 28 (Sup. Ct. 1938), it was held that a wrongdoer is liable for the results naturally and proximately ensuing from the wrongful act "even though it be immediately produced by an intervening cause, if such cause was put in operation by the primary wrongful act."
In the instant case, there was proof that the defendant's negligence resulted in the first collision and in its taxicab coming to rest in the wrong traffic lane. He should have reasonably foreseen and anticipated that another car could then strike the taxicab. But for this negligence of the defendant, the subsequent events leading to plaintiffs' injuries would not have occurred; the concurring cause, the striking of the taxicab by the vehicle driven by Reese, would not have taken place. The issue of proximate cause is ordinarily one for the jury, and in our opinion the issue here is manifestly of that character.
The defendant also argues that the trial court erred in refusing to permit the introduction of evidence concerning the plea made by Reese before the municipal judge. It must *213 be remembered that Reese was not a party at the time this evidence was sought to be introduced. A plea by him would, therefore, be irrelevant and immaterial on the issue of defendant's negligence. We can see no error committed by the trial court in this regard.
The defendant raises the question of the weight of the evidence. However, the issue being one for the determination of the jury, this court will not disturb the verdict unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. Wadell v. Public Service Coordinated Transport, 3 N.J. Super. 132 (App. Div. 1949). Such is not the case here.
Lastly, the defendant finds fault with the charge of the trial court. We have considered the charge carefully and find that it is a full and accurate exposition of the law involved.
The judgments under review are affirmed.