11 N.J. Super. 344 (1951)
78 A.2d 417
ELIZABETH MITCHELL AND ANOTHER, PLAINTIFFS-RESPONDENTS,
v.
JULIUS FRIEDMAN AND ANOTHER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1951.
Decided January 24, 1951.
*346 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Murray Greiman argued the cause for the respondents.
Mr. Patrick A. Dwyer argued the cause for the appellants (Messrs. Carpenter, Gilmour & Dwyer, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
This action, a negligence case, was before the Appellate Division at an earlier stage. Mitchell v. Friedman, 7 N.J. Super. 251 (App. Div. 1950). Since that decision, the case has been tried. The defendants now appeal from the final judgment awarding damages to their opponent.
The plaintiff dwelt in an apartment house owned by the defendants. A fire occurred in the building that damaged the plumbing system so that the water pressure became insufficient to flush automatically the toilet in plaintiff's apartment. Plaintiff was compelled to draw water in pails and carry it to the toilet in order to flush it, as the only method by which to maintain sanitary conditions in the apartment. This was still the situation 12 days after the fire, when she suffered a back injury while lifting a pail of water from the bath tub. At the conclusion of the plaintiff's case, the defendants moved to dismiss the complaint on the ground that their negligence was not the natural and proximate cause of the injury and on the ground of contributory negligence and assumption of risk. It is the denial of this motion that is presented as the reason for reversing the judgment. The duty of the defendants to repair the water system after the *347 fire and their negligence in failing to do so before the day on which plaintiff was injured, are admitted on the appeal.
Appellants argue that the answer to the question of natural and proximate cause depends upon whether or not the defendants should have foreseen that, as a result of an insufficient water pressure, the plaintiff would be injured in the manner charged. Many decisions more or less supporting this view of the law might be cited, beginning perhaps with the expression of a doubt in Greenland v. Chaplin, 5 Ex. 243; 155 Eng. Rep. 104 (1850). But there has been a strong trend through the years to discard foreseeability as a test of proximate cause and to use it instead in defining negligence. Annotation in 155 A.L.R. 157; Pease v. Sinclair Refining Co., 104 F.2d 183; 123 A.L.R. 933 (1939). And see the dissent as well as the majority opinion on the basis of liability in Palsgraf v. Long Island R.R. Co., 162 N.E. 99 (N.Y. 1928). "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen, the extent of the harm or the manner in which it occurred, does not prevent him from being liable." Restatement, Torts, § 435; see also § 901 et seq., and especially 905. In England, the foreseeability of injury does not appear as an element in the consideration of proximate cause in negligence cases. The Argentino (1888), 13 Pro. Div. 191; affirmed (1889), 14 A.C. 519; Cobb v. Great Western Ry. (1893), 1 Q.B. 459; affirmed (1894), A.C. 419.
Our New Jersey cases disclose a development similar to that observable in other states. In Crater v. Binninger, 33 N.J.L. 513 (E. & A. 1869), an action for deceit, Chief Justice Beasley, after mentioning the difficulty of determining what results are proximate and what remote in a legal sense, said that "those results are proximate which the wrongdoer, from his position, must have contemplated as the probable consequence of his fraud or breach of contract." This concept, somewhat modified, was applied a few years later to a negligence case, D.,L. & W.R.R. Co. v. Salmon, 39 N.J.L. 299 (E. & A. 1877). But in Hammill v. Penn. R.R., 56 *348 N.J.L. 370 (Sup. Ct. 1894), where may be found one of our best discussions of proximate cause, it is said that the person guilty of negligence "is equally liable for the consequences whether he could have foreseen them or not." An attempt to reconcile the conflict appears in Newark R.R. Co. v. McCann, 58 N.J.L. 642 (E. & A. 1896). After stating that the term "natural" imports that the injury is such as might reasonably have been foreseen, the court continues, "Of course, it is not necessary that the wrongdoer should be able to anticipate the very occurrences which resulted from his laches; it is enough if, after they have happened, they are seen to have followed from his misconduct in the natural course of things and within the range of reasonable probability; and it must generally be left to the jury to determine according to the circumstances whether the facts fit the standard of naturalness." Our more recent cases hold it to be sufficient "If it might have been foreseen or anticipated that some injury might result" from the failure to exercise due care. DeMott v. Knowlton, 100 N.J.L. 296 (E. & A. 1924); Millman v. U.S. Mortgage, etc., Co., 121 N.J.L. 28, 36 (Sup. Ct. 1938); Bacak v. Hogya, 4 N.J. 417 (1950).
Under our law relating to negligence as we understand the cases cited above, the tort-feasor is generally answerable for an injury that, in the ordinary course of events, results from his wrongful act. The act of the defendant need not be the only factor in bringing about the injury, but it must be a substantial factor. The ordinary course of events often includes the unexpected; sometimes it presents what, in advance, would seem most unlikely to happen, as in Hammill v. Penn. R.R., supra. And on the other hand, the outcome may be so extraordinary that the wrongdoer is not considered liable. Restatement, Torts, § 433. Whether the injury received by plaintiff was the "natural" result of defendants' negligence, was a question for the jury. Batton v. Public Service Corp., 75 N.J.L. 857 (E. & A. 1908). The circumstance that plaintiff's back was weak before the accident, did not preclude a finding in her favor. Mourison v. Hansen, 20 A.2d 84; 136 A.L.R. 413 (Conn. 1941).
*349 Defendants further argue that plaintiff's own negligence contributed to the happening in which she was injured, or else that she assumed the risk of injury. Instead of putting her pail in the washtub, under the faucet, as plaintiff did, she might have used a short piece of hose to run the water from the faucet into the pail. Or instead of getting water from the bathtub, plaintiff might have drawn it from the kitchen sink; but this would have been somewhat difficult since the spigot in the sink was so placed that plaintiff would have had to tip the pail in order to get it under the spigot. And the sink was considerably further from the toilet than was the bathtub. On the other hand, in order to get water from the tub, plaintiff had to lean to one side in an awkward manner, because of a wash basin at the side of the tub. One other circumstance has already been mentioned, namely, plaintiff had a weak back and was aware of the fact. The question whether, in the situation which defendants' negligence permitted to exist, the plaintiff conducted herself as would a reasonably prudent person, or whether she failed to meet that standard, was properly submitted to the jury. Batton v. Public Service Corp., supra.
There was no error in the denial of the defendants' motion to direct the verdict. Judgment affirmed.