13 N.J. Super. 467 (1951)
80 A.2d 634
ROBERT J. MULQUINN, PLAINTIFF-RESPONDENT,
v.
LOCK JOINT PIPE COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1951.
Decided May 16, 1951.
*469 Before Judges FREUND, DONGES and PROCTOR.
Mr. Samuel Weitzman argued the cause for plaintiff-respondent (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
Mr. Edward R. McGlynn argued the cause for defendant-appellant (Messrs. McGlynn, Weintraub & Stein, attorneys).
The opinion of the court was delivered by DONGES, A.J.S.C.
This is an appeal from a judgment entered in the Superior Court, Law Division, in favor of plaintiff for $5,000.
On June 14, 1948, plaintiff was involved in an accident and suffered a fracture of his left arm. Since defendant raises no question as to its liability for this injury, it is not necessary to repeat the facts and circumstances surrounding the accident. Shortly after the accident, the fracture was set and plaintiff's arm was placed in a cast. This cast was removed approximately eight weeks later. About two weeks after the removal of the cast, plaintiff resumed his duties *470 which consisted of driving a truck as an independent contractor for defendant.
On October 7, 1948, plaintiff was delivering some pipes for the defendant. In doing so, he was obliged to drive his truck onto an open field. The front wheel of the truck hit a hole and snapped the steering wheel out of his hands. The testimony indicates that the same arm suffered an additional fracture. The first fracture was a transverse fracture of the left arm, while the second was an oblique fracture, beginning at a point where the first fracture had occurred but had not healed in a perfect manner. The medical testimony differed as to whether or not there was any connection between the two fractures.
The basis for this appeal is that defendant contends that the trial court erred in not removing the question concerning the second fracture from the consideration of the jury. Defendant alleges that the second fracture was caused by an independent intervening cause, and, therefore, the first accident could not have been the proximate cause of this latter injury.
It is, of course, familiar law that the wrongful act, neglect or default must have been the proximate cause of the injury in order to give a right of action therefor. The proximate cause is the efficient cause, the one which necessarily sets the other causes in operation. Batton v. Public Service Corp. of New Jersey, 75 N.J.L. 857 (E. & A. 1908); Kelson v. Public Service R.R. Co., 94 N.J.L. 527 (E. & A. 1920); Vadurro v. Yellow Cab Co. of Camden, 8 N.J. Super. 208 (App. Div. 1950), certification granted 5 N.J. 350 (1950), affirmed 6 N.J. 102 (1950). It is the act or omission which directly brought about the happening complained of, and in the absence of which the happening complained of would not have occurred. Silverstein v. Schneider, 110 N.J.L. 239 (E. & A. 1933).
It is not sufficient for the defendant to show that the negligence of some third person or some other act, so long as it is not the contributory negligence of the plaintiff, may *471 have contributed to the happening of the injury, for if his act was one of the proximate causes, he is nevertheless liable. Vadurro v. Yellow Cab Co. of Camden, supra. In the instant case, if plaintiff, acting in good faith and without negligence on his part, attended to his usual duties as he thought he might prudently perform, and in so doing produced another fracture which would not have occurred but for the first fracture and defendant's negligence connected therewith, the defendant is not relieved from liability for the second fracture. Batton v. Public Service Corp. of N.J., supra.
It might be further noted that the fact that defendant did not foresee nor anticipate the additional injury is unimportant. A tortfessor is generally answerable for an injury that, in the ordinary course of events, results from his wrongful act. Mitchell v. Friedman, 11 N.J. Super. 344 (App. Div. 1951).
Ordinarily, whether the injury received by plaintiff was the natural result of defendant's negligence was a question for the jury. Vadurro v. Yellow Cab Co. of Camden, supra. In the instant case, there was a factual dispute concerning the cause of the second fracture and the trial court properly submitted it to the jury.
The defendant further complains of the trial court's supplemental instructions to the jury in answer to the jury's inquiries. A review of those remarks and of the entire charge clearly demonstrates that no error was committed.
The judgment under review is affirmed.