31 N.J. Super. 285 (1954)
106 A.2d 329
EMILY LUTZ AND JOHN LUTZ, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
WESTWOOD TRANSPORTATION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PAUL WHEELER, PUBLIC SERVICE COORDINATED TRANSPORT, A CORPORATION OF THE STATE OF NEW JERSEY, AND JOHN REMHOFF, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1954.
Decided June 28, 1954.
*287 Before Judges EASTWOOD, FREUND and FRANCIS.
Mr. David L. Horuvitz argued the cause for the appellants (Mr. Louis Steisel, attorney; Mr. Edward S. Miller, of counsel).
Mr. Luke A. Kiernan, Jr., argued the cause for the respondents Public Service Coordinated Transport and John Remhoff (Mr. Herman H. Wille, Jr., of counsel).
Mr. Charles A. Rooney argued the cause for the respondents Westwood Transportation Company and Paul Wheeler.
The opinion of the court was delivered by FRANCIS, J.A.D.
This is a negligence action arising out of a collision between two passenger busses, one owned by the Public Service Coordinated Transport and driven by John Remhoff, and the other owned by Westwood Transportation Company and driven by Paul Wheeler. The appellant Emily Lutz, a passenger in the Public Service bus at the time, claimed injuries and brought the suit; her husband, John Lutz, joined to recover his consequential losses. At the close of the appellants' case the trial court granted a motion for judgment in favor of Public Service and Remhoff. The jury returned a verdict in favor of Westwood *288 Transportation Company and Wheeler. The legal propriety of the exoneration of the alleged tortfeasors is challenged on this appeal.
The record discloses that the Public Service bus in which Mrs. Lutz was a passenger had pulled in toward the curb to take on passengers. The driver said he stopped about six inches from the curb; Mrs. Lutz fixed the distance at about two feet. A number of passengers boarded and as the last one was on the steps in the act of entering, the bus was struck at the right rear corner by the front of the Westwood bus which was proceeding in the same direction. It is undisputed that the Public Service vehicle was at a standstill at the time of impact.
The day was clear and there were no obstructions to vision on the roadway. According to Wheeler, Westwood's driver, he observed the Public Service bus at a standstill when he was about 450 to 500 feet away. He intended to pass and was riding in the passing lane at about 30 miles per hour. At a distance of about a block away some intending passengers for his bus came into his view at the rear of the Public Service vehicle and they signalled to him. He put his foot on the brake and pulled over into the right-hand lane with the purpose of stopping in back of the other bus. While approaching he slowed down but when about 15 feet away he noticed that his brakes were not holding, although he had experienced no previous trouble with them. He attempted to swing to the left but was unsuccessful in avoiding the collision.
At the trial medical evidence was offered to show that, among other things, Mrs. Lutz was suffering from coccydnia and a post-concussion syndrome which manifested itself by headaches, dizziness, eye symptoms, sensitivity to noises and easy fatigability.
The major ground for reversal of the Westwood Company judgment is an asserted error in the trial court's charge to the jury. The particular portion which we feel requires discussion has to do with the instruction given with respect to *289 the extent of a tortfeasor's responsibility for the consequences of his negligence. The court said:
"In negligence cases it is necessary for these plaintiffs, in order to recover, to prove that the defendants committed an act or omitted to do an act which a person of ordinary prudence could foresee might naturally and probably produce the injury and the damage complained of, and that such an act or omission did actually cause the injury."
The effect of this charge was to instruct the jury that liability on the part of the respondents would not exist unless they, as persons of ordinary prudence, could have foreseen that the particular injury and damage Mrs. Lutz suffered might naturally and probably result from their negligence. Such a statement unduly restricts the scope of a wrongdoer's responsibility. The obligation to respond in damages for negligent acts is not limited to those injuries and damages or consequences which might reasonably have been anticipated. In recent years New Jersey has adopted the rule which eliminates the need for demonstrating that the particular consequences of a negligent act must be foreseen. At present the tortfeasor is generally answerable for an injury that results from his wrongful act in the ordinary course of events. So long as his negligent act is a substantial factor in bringing about the injury complained of, liability may be found. Mitchell v. Friedman, 11 N.J. Super. 344, 348 (App. Div. 1951); Mulquinn v. Lock Joint Pipe Co., 13 N.J. Super. 467 (App. Div. 1951).
The situation presented in the Mitchell case, supra, was an unusual one. The plaintiff was a tenant in defendant's apartment house. As the result of a fire in the building, the water pressure became insufficient to flush the toilet automatically. Plaintiff was compelled to draw water in pails and carry it to the toilet to accomplish the flushing. This was still the condition 12 days after the fire when plaintiff suffered a back injury while lifting a pail of water from the bath tub.
*290 In speaking of the defendant's accountability for the back injury, the court said (p. 347):
"* * * The ordinary course of events often includes the unexpected; sometimes it presents what, in advance, would seem most unlikely to happen * * *. And on the other hand, the outcome may be so extraordinary that the wrongdoer is not considered liable. Restatement, Torts, § 433. Whether the injury received by the plaintiff was the `natural' result of defendant's negligence, was a question for the jury. * * *"
Therefore, unless so highly extraordinary that they cannot be considered natural, consequences which follow in unbroken sequence from the original negligent act, without an intervening efficient cause, are natural and proximate, and for such consequences the original wrongdoer is responsible even though he could not have foreseen the particular results which did follow. Bacak v. Hogya, 4 N.J. 417 (1950); Cf. Prosser on Torts, p. 343 et seq. (1941); Restatement-Torts, § 433 (1934).
In our judgment, therefore, it was error to require the defendants' responsibility to depend upon ability to foresee the particular consequences of their negligent acts. Having in mind the nature of the injuries claimed here, the limitation might well have influenced the jury adversely to the plaintiffs.
Under the circumstances, the judgment in favor of the Westwood Company and Wheeler must be reversed and the matter retried as to them.
We find no merit in the other grounds urged as a basis for reversal.
With respect to the action against the Public Service and Remhoff, appellants rely largely upon Shay v. Camden & Suburban Ry. Co., 66 N.J.L. 334 (E. & A. 1901), for their contention that the dismissal was erroneous.
The plaintiff in the Shay case was a passenger in a trolley car which was in collision in some manner with a wagon, as the result of which Mrs. Shay was injured. The opinion of the Court of Errors and Appeals does not set out the circumstances *291 of the collision. However, after pointing out that there was evidence from which the jury might infer the negligence of the motorman, the court said:
"* * * Proof of the happening of a collision between the car in which she was carried and a vehicle in the public streets  an accident which, in the ordinary course of events, would not have happened if the proper care had been used by the motorman  raised an implication of negligence on the part of the company. * * *"
However, in Cox v. Scott, 104 N.J.L. 371 (E. & A. 1928), a case very much like the present one, the Court of Errors and Appeals declared that where all of the proof in the case wipes out the implication of negligence, it would be error not to order a judgment for the carrier.
In the Cox case the bus driver brought his bus to a stop to the rear of another vehicle. The driver of the truck which was following at a distance of 45 to 50 feet saw the bus stop and applied his brakes which failed to work and the truck struck the rear of the bus. In this situation, the court said:
"We are unable to see in the case any act which the driver of Rosenvinge's bus did or omitted to do which proximately contributed to the accident. * * *"
The Appellate Division in Taylor v. Public Service Interstate Trans. Co., 13 N.J. Super. 125 (1951), took the same view and set aside verdicts for bus passengers in spite of their reliance upon the Shay case, where it appeared that the conduct of the bus driver neither originated nor influenced the forces which brought about the collision.
The proofs here make the Cox and Taylor cases controlling. The only suggestion that Remhoff's conduct created a jury question as to his negligence arises from Mrs. Lutz' statement that while the bus was standing taking on passengers it was about two feet away from the curb. The claim is that this violates N.J.S.A. 39:4-135 which requires vehicles to be parked within six inches of the edge of the *292 roadway. Assuming that such violation existed, on all the proof in the case it is plain that the position of the bus was a mere condition and in no sense a moving cause. The accident happened in the daytime; the bus had been stationary for an appreciable period of time taking on passengers and it was in full view of the other driver who saw it in ample time to avoid a collision. In this state of things the standing bus offered no active potentiality for harm and its position about two feet from the curb will not support a charge of actionable negligence. Powers v. Standard Oil Co., 98 N.J.L. 730 (Sup. Ct. 1923), affirmed 98 N.J.L. 893 (E. & A. 1923).
The judgment is affirmed as to the Public Service and Remhoff and reversed as to Westwood Transportation Company and Paul Wheeler.