63 N.J. Super. 129 (1960)
164 A.2d 188
ANNA AVEDISIAN AND ANTRANG AVEDISIAN, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
ADMIRAL REALTY CORP., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1960.
Decided September 27, 1960.
*130 Before Judges CONFORD, FOLEY and KILKENNY.
Mr. Alfred M. James argued the cause for plaintiffs-appellants (Mr. Samuel Stern, Mr. Louis Steisel and Mr. Arthur C. Gundersdorf, attorneys).
Mr. Gustave A. Peduto argued the cause for defendant-respondent (Mr. Charles A. Rooney and Mrs. Marian V. Rooney-Sheehy, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
This is an appeal from an involuntary dismissal on plaintiffs' opening in a negligence case. The action is based on the defendant landowner's asserted negligence in maintaining its real property, resulting in a fire at night, and causing evacuation of the nearby building wherein plaintiffs resided, in the course of which the female plaintiff tripped over a fire hose laid on the ground to combat the fire and sustained personal injuries. The dismissal was grounded upon the absence of proximate cause, the laying of the fire hose being regarded as an "intervening cause" *131 breaking the chain of causation between negligence of the defendant, if any, and the plaintiff's injuries.
In summarizing the factual statement made by plaintiffs' counsel in his opening we amplify it in respect to the physical relationship between the two parcels of realty involved and a nearby firehouse, as indicated by a stipulated sketch furnished this court after argument. Mrs. Avedisian resided at 4614 Park Avenue, Weehawken, a north-south street, the building being on the east side of the street facing west. The house is some 30 feet southerly of the intersection of the easterly side line of Park Avenue and the southerly side line of 47th Street, an east-west thoroughfare. The property of the defendant, 51-47th Street, lies on the south side of 47th Street, facing north, and situate about 125 feet from the intersection of 47th Street with Park Avenue. In a general way, therefore, the rear of the plot at 4614 Park Avenue abuts the side rear line of the plot on which defendant's building is situated. A local firehouse stands on a plot on Park Avenue adjoining 4614 Park Avenue on the south, with an open space between the buildings.
At about 4:30 A.M. on December 26, 1957, Mrs. Avedisian, her husband, mother and small children were awakened by noise and the light of flames emanating from defendant's building. A policeman pounded at their door and ordered them out of the house. After leaving the house, and while on her way to the firehouse next door for shelter (the pre-trial order indicated the night was cold and rainy), Mrs. Avedisian tripped over the fire hose which was lying, as counsel now represents to us, on the sidewalk between her building and the firehouse and extended therefrom along the space between the two buildings in the direction of the west side of defendant's burning building. (A misstatement in the complaint that the plaintiff tripped over a hose lying in front of defendant's premises was corrected in the pretrial order.)
In dismissing the plaintiffs' case the trial judge made the observation that an appeal might help to cast more light on *132 the question of "foreseeability." He said, "I don't think foreseeability can be ad infinitum." The court apparently felt that to impose upon the defendant landowner foresight of such an injury as befell this plaintiff consequent upon negligence in the maintenance of his property was beyond a reasonable application of the law. Cf. Glaser v. Hackensack Water Co., 49 N.J. Super. 591 (App. Div. 1958).
We are unable to agree with the trial court in its reaction to the specific problem here involved. The relationship of the factor of foreseeability to the application of the rule of proximate cause is a subject concededly ridden with theoretical divergencies and has been discussed extensively in our recent cases and legal writing. In addition to the extensive collation of cases on proximate cause discussed in Glaser v. Hackensack Water Co., supra, and in the authorities quoted in some of those cases, see Rappaport v. Nichols, 31 N.J. 188, 203, 204 (1959); Genovay v. Fox, 50 N.J. Super. 538, 562 (App. Div. 1958), reversed on another point, 29 N.J. 436 (1959); Andreoli v. Natural Gas Co., 57 N.J. Super. 356, 366-368 (App. Div. 1959).
By the favored present-day approach the question as to the foreseeability of such a contingency as the particular plaintiff's damage as a consequence of lack of due care by a defendant in relation to a specified hazard is in the area of admeasurement of scope of duty rather than that of proximate cause. Mitchell v. Friedman, 11 N.J. Super. 344, 347, 348 (App. Div. 1951); Genovay v. Fox, ubi. cit., supra; 2 Harper and James, Law of Torts, § 20.5 (1956); Prosser, Law of Torts (1955), § 48, p. 258; and see Martin v. Bengue, Inc., 25 N.J. 359, 374 (1957).
So, here, the first real question posed is whether the duty of a landowner to maintain his property with reasonable care against the hazard of fire, see Menth v. Breeze Corporation, Inc., 4 N.J. 428, 439, 440 (1950), extends to occupants of a nearby dwelling forced to evacuate because of a fire on defendant's property attributable to his negligence. Clearly, in our view, this question should be answered *133 in the affirmative, the foreseeability of such forced evacuation of occupants of a neighboring property menaced by the fire being obvious. The next question, still couched in terms of the range or scope of duty, is whether such defendant's duty extends to the secondary hazard of a night-time injury to such an evacuee by accidental encounter with a mechanism being deployed by the municipal fire-fighting agencies to extinguish the fire. We are clear that it was for the jury to decide that question in the precise factual situation here presented, and this whether, as we suggest, the factual inquiry is framed in terms of violation of duty, or of the end-result's being the "proximate" consequence of the negligence impugned.
As has been said repeatedly, "It is not necessary that the tort-feasor anticipate the very occurrence which resulted so long as it can be said that the injury was the natural and probable consequence of the wrongful act and that it was within the realm of foreseeability that some harm might result to the plaintiff" (emphasis ours). Hartman v. City of Brigantine, 42 N.J. Super. 247, 262 (App. Div. 1956), affirmed 23 N.J. 530 (1957); Bacak v. Hogya, 4 N.J. 417, 424 (1950).
The results in some of our cases decided in favor of plaintiffs demonstrate that the rule of foreseeability does not operate to confine liability strictly to consequences necessarily perceivable in advance by the ordinary man as potential results of his negligence. Hammill v. Pennsylvania R.R. Co., 56 N.J.L. 370 (Sup. Ct. 1894) (defendant's speeding train struck X, who was negligently walking the track, and whose toolbox was thrown to the walkway, injuring the plaintiff; refusal to grant nonsuit); Batts v. Joseph Newman, Inc., 3 N.J. 503 (1950) (defendant negligently chocked drum on tail of truck; it rolled into street, and X carelessly drove into it, throwing it to sidewalk, injuring plaintiff; defendant liable); Mulquinn v. Lock Joint Pipe Co., 13 N.J. Super. 467 (App. Div. 1951) (defendant admittedly liable for plaintiff's fractured arm, liable again for subsequent *134 break after cast was removed not resulting from any later act of defendant); Cwik v. Zylstra, 58 N.J. Super. 29 (App. Div. 1959) (grandmother careless in custody of child liable when another's negligence caused it to fall or be pushed into pail of hot water); Andreoli v. Natural Gas Co., supra (negligent installation by gas company of heater six years before not insulated from liability for explosion directly caused by lighted match, occasioned by extinguishment of pilot light caused in turn by flood in cellar); Mitchell v. Friedman, supra (landlord negligently failing to repair plumbing system liable for injury to plaintiff's back due to carrying water to flush toilet). Additional examples are manifold. But compare Glaser v. Hackensack Water Co., supra, where it was thought that the consequences were "so highly extraordinary that as a matter of law they cannot be considered natural" (49 N.J. Super., at p. 598) (defendant's meter reader entered house; frightened mother of child playing downstairs fell and tripped in hasty descent of stairs). As observed by Prosser, op. cit., supra (§ 48, p. 259): "In one sense, almost nothing is quite unforeseeable, since there is a very slight mathematical chance, recognizable in advance, that even the most freakish accident will occur. In another, nothing is entirely foreseeable, since the exact details of a sequence of events never can be predicted with complete omniscience." No slide-rule certainty is available to guide a trial judge in passing upon a motion for dismissal in cases of this type, but it will be found that the more direct and shorter the chain of causation in fact, the less the likelihood of a judicial finding of remoteness by reason of unforeseeability. See Prosser, op. cit., supra, § 48, p. 260.
The rule of "intervening cause" is a concept having no real independent usefulness in determining the scope of responsibility for consequences of negligent conduct under the principles discussed above. It sometimes appears to be used by courts to reflect the implicit reaction that on all the facts in a given situation, including the limited or questionable duty of the defendant and the unlikelihood of the *135 supervening contributive cause or its closer proximity in time to the injury than defendant's act, it would be unjust to hold the defendant accountable. See Meyer v. Board of Education of Middletown Tp., 9 N.J. 46 (1952); Morril v. Morril, 104 N.J.L. 557 (E. & A. 1928). It is of little practical help to say that there may be no recovery where an intervening cause breaks the chain of causation without further explanation or qualification of the terms. Actually, later events or forces contributing to plaintiff's damage along with the negligence of the defendant are a commonplace in most of the cases cited above under the general discussion of foreseeability which allow recovery. Thus the legal significance of a contributing intervening cause may depend upon whether it is itself foreseeable, see Menth v. Breeze Corporation, Inc., supra (4 N.J., at pp. 428, 440), "a normal incident of the risk" created by defendant's negligence, Rappaport v. Nichols, supra (31 N.J., at p. 204), or not so great in relation to the degree of causal contribution by the defendant to the injury as to prevent the defendant's conduct from being regarded as a "substantial factor" in bringing the injury about, Hartman v. City of Brigantine, supra (42 N.J. Super., at p. 261); Lutz v. Westwood Transportation Co., 31 N.J. Super. 285, 289 (App. Div. 1954), certification denied 16 N.J. 205 (1954).
On any of the three qualifying bases just outlined a jury could have reasonably found for the plaintiff in this case (assuming evidence of negligence by defendant) notwithstanding the so-called "intervening cause" represented by the laying of the hose by the fire department.
It follows a fortiori that there should not have been a dismissal before the plaintiffs had a chance to submit their proofs, even aside from the recent admonition by the Supreme Court against such a practice, generally, in Passaic Valley Sewerage Com'rs v. Geo. M. Brewster, etc., Inc., 32 N.J. 595, 605-608 (1960).
Reversed.